FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

DESIGN AND DEVELOPMENT, INC., Defendant.

FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

Geoffrey E. ROCKELMAN, Defendant.

FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

Daniel C. STERN, Defendant.

Nos. 76–C–516 to 76–C–518.

United States District Court, E. D. Wisconsin.

Jan. 17, 1977.

Brent E. Gregory, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for plaintiff.

Edward S. Levin, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

These three cases all involve a collection action by the FDIC (Corporation) of notes purchased from FDIC as receiver (Receiver) of the American City Bank (ACB). There are motions to dismiss filed in each case. The grounds are the same, i. e., that the complaint must be asserted as a compulsory counterclaim in one of three actions filed against Receiver *inter alia.*

The defendants in these cases, Design and Development, Inc., Geoffrey E. Rockelman and Daniel C. Stern filed actions 75–C–729, 75–C–730 and 75–C–731 respectively. In each of those actions, the plaintiff seeks a declaration that a note given by the plaintiff to ACB is null and void. The actions presently before the Court are enforcement actions on the same notes. In each of the above actions in which it is named as defendant, Receiver has moved to dismiss the complaint as to the declaration on the notes arguing that Corporation is the proper party to such an action and not Receiver.

The factual background necessary to a determination of these motions are the same in each case. Each defendant executed and delivered to ACB a note prior to ACB being declared insolvent. Upon a declaration of insolvency, the FDIC was appointed as receiver for ACB and took over all of ACB's assets. Thereafter, upon Court approval, the assets purchased by the Marine National Exchange Bank of Milwaukee and the remainder were purchased by the Corporation. The three notes which are the subject of the instant cases were sold to the Corporation. Each defendant contends that the notes are unenforceable because of fraudulent activity on the part of ACB in procuring the notes.

The Receiver's position is essentially that it is a distinct entity from the FDIC operating in its corporate capacity. Section 1823(e) of Title 12 U.S.C. supports this position. That section authorizes the Corporation to purchase assets of an insolvent insured bank. The last sentence of the first paragraph of the section then states: "Any insured national bank or District bank, or *the Corporation as receiver thereof,* is authorized to contract for such sales [to the Corporation] . . . ." 12 U.S.C. § 1823(e). The statutes themselves contemplate the FDIC acting in two distinct capacities.

The defendants in these actions have argued that FDIC is before the Court and then ignores the separate capacities under which it is operating. The brief merely states that "there are not two FDIC's."

The defendants agree that no claim for damages has been asserted against the Corporation and that they seek no damages from FDIC's corporate fund. Their position in regard to the notes is that "by purchasing a note procured by the fraud of the payee (FDIC's predecessor), FDIC has

**444**

purchased an unenforceable note, *i. e.,* one to which there are valid defenses." The brief then contains an argument that the Corporation cannot insulate itself from these defenses by merely buying the notes from the Receiver.

While this argument appears persuasive at this point, that is not the issue before the Court. The issue before the Court is who is the proper party to an action in regard to the validity of the notes, not what defenses are valid against that party.

■ The holder of a note, the person who has the right to payment, is the proper defendant in an action to declare a note invalid. The FDIC holds these notes in its corporate capacity and not in its capacity as receiver of the ACB. The fact that a corporate entity is liable to suit in one capacity but not in another is not an anomaly in the law. A bank operating in the capacity of a trustee is a common example. Rule 9 of the Federal Rules of Civil Procedure contemplate this very problem and provides a mechanism to determine the capacity in which the parties before the Court are being sued or are bringing an action.

The Court is of the opinion that the Receiver and the Corporation must be treated as separate parties.

■ The defendants in these enforcement actions contend that the claims contained in the complaints must be asserted as compulsory counterclaims in the prior actions. Before one can assert a counterclaim, a claim must be brought against him. No claim has as yet been filed against Corporation by these plaintiffs. All three motions to dismiss must therefore be denied.

■ On the same basis, the motions filed by Receiver in the prior actions, 75–C–729, 75–C–730 and 75–C–731, will be granted insofar as they seek to dismiss that part of the complaint which seeks a declaration that the notes in question are invalid. The Court, however, will grant the plaintiffs in those actions leave to amend the complaint to join FDIC in its corporate capacity. If and when that amendment is made, the Court will consolidate these six cases into three.

The Receiver has argued that the Corporation cannot be made a party to the prior actions since it is not liable to the plaintiffs for the conduct of ACB. This argument ignores the claim which is being asserted. The claim against the Corporation is essentially a declaratory judgment on the validity of the note, no liability on Corporation's part is asserted. It is hard to imagine how the Corporation can argue that such an action cannot be maintained against it and at the same time assert its standing to sue on those very notes.

The Court in this opinion is not ruling on the applicability or validity of any defenses which may be asserted against the Corporation as purchaser of the notes. That issue is not before the Court.

The motions to dismiss these actions are, therefore, DENIED.