**UNITED STATES of America, Plaintiff,**

v.

**Royal N. HARDAGE, et al., Defendants.**

**No. CIV–86–1401–W.**

United States District Court,
W.D. Oklahoma.

Feb. 25, 1987.

See also, D.C., 663 F.Supp. 1280.

F. Henry Habicht II, Asst. Atty. Gen., Land and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., Steven K. Mullins, Asst. U.S. Atty., William S. Price, U.S. Atty., Oklahoma City, Okl., Robert T. Lee, Anna Wolgast, Trial Atty., Environmental Enforcement Section Land and Natural Resources Div., Dept. of Justice, Washington, D.C., Bonnie A. Sullivan, U.S. Dept. of Justice, Land & Natural Resources Div., Washington, D.C., for plaintiff.

Steven K. McKinney, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., Calvin Sawyier, Sidney Margolis, Winston & Strawn, Chicago, Ill., Fred S. Nelson, Claire V. Eagan, Michael D. Graves, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Tulsa, Okl., Robert D. Tomlinson, Kenneth McKinney, McKinney, Stringer & Webster, Oklahoma City, Okl., John D. White, Watt, White, Gill & Craig, Houston, Tex., Mitchell D. O'Donnell, Savage, O'Donnell, Scott, McNulty & Affeldt, Tulsa, Okl., Gary W. Boyle, Boesche, McDermott & Eskridge, Tulsa, Okl., James A. Kirk & John M. Jameson, Kirk & Chaney, Oklahoma City, Okl., Gregory L. Hen-

nig, Able, Barrow & Able, Houston, Tex., Charles L. Berry, Molly Cagle, Vinson & Elkins, Houston, Tex., Robert G. Grove, Oklahoma City, Okl., R. Steven Haught, Bradford, Fowler & Moss, Oklahoma City, Okl., Harold Himmelman, Karl S. Bourdeau, Beveridge & Diamond, Washington, D.C., R. Kinnan Golemon, Brown, Maroney, Rose, Barber & Dye, Austin, Tex., David D. Sigman, Exxon Corp. Law Dept., Houston, Tex., J. Kemper Will, Robert F. Hill, Hill & Robbins, Denver, Colo., James A. Calloway, Oklahoma City, Okl., Steven M. Morgan, Texas Instruments Inc., Dallas, Tex., David A. Giannotti, McKenna, Conner & Cuneo, Los Angeles, Cal., Diane Goldschmidt, Oklahoma City, Okl., Jeffrey Martin, Hunton & Williams, Washington, D.C., Harry R. Palmer, Jr., Oklahoma City, Okl., Willard I Boss, John D. White, Houston, Tex., Stephen F. Fink, James C. Morriss, III & Elizabeth A. Rabon, Thompson & Knight, Dallas, Tex., Jerome T. Wolf, Frank B.W. McCollum, Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendants.

## ORDER

LEE R. WEST, District Judge.

Plaintiff, United States of America, moves this Court to strike certain affirmative defenses asserted by Defendants J.O.C. Exploration Co., Inc. ("J.O.C."), Dal-Worth Industries, Inc. ("Dal-Worth"), Foster Feed & Seed Company ("Foster"), Oklahoma National Stockyards ("Stockyards") and the Consolidated Defendants, pursuant to Rule 12(f) Fed.R.Civ.P.

■ On a motion to strike affirmative defenses, the Court must examine each affirmative defense at issue to ascertain whether any question of fact or law is raised by the defense. If a defense raises such a question, then the motion to strike is improper and the issue must be decided subsequently on the merits, when more information is available. *Phillips Machinery Company v. LeBlond, Inc.*, 494 F.Supp. 318 (D.C.Okla.1980). The court must review with extreme scrutiny a motion to strike which seeks the opportunity to determine disputed and substantial questions of law, particularly when no significant discovery has occurred in the case. 5 C. Wright and A. Miller, *Federal Practice and Procedure: Civil,* § 1381.

■ A motion to strike an affirmative defense pursuant to Rule 12(f) seeks a "drastic remedy" and must not be granted unless, as a matter of law, the defense cannot succeed under any circumstances. *Brown and Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *In re All Maine Asbestos Litigation*, 575 F.Supp. 1375, 1377 (D.Me.1983). The moving party must demonstrate it will be prejudiced significantly if the attacked allegations are left in the pleadings. *See e.g., Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D.Wis.1984); 5 C. Wright and A. Miller, *Federal Practice and Procedure: Civil,* § 1381.

Upon a critical examination of the evidence before it, the Court finds each affirmative defense at issue in Plaintiff's motion to strike constitutes relevant defenses to the Government's claims against these defendants. Accordingly, dismissal thereof is premature. The Court further finds disputed and substantial questions of law and fact exist with regard to the appropriateness of each defense in question, and therefore declines to make a final determination as to the appropriateness of said defenses at this time.

■ Although some of the defenses are unique to individual defendants, the Court believes each of the affirmative defenses which plaintiff moves to strike has some possibility of success under certain circumstances. *See, In re All Maine Asbestos Litigation, supra.* The Court does not comment upon the probable success on the merits of such defenses, but merely declines to grant such a drastic remedy to Plaintiff at the present time. It is well established in the Tenth Circuit that motions to strike affirmative defenses are disfavored and are infrequently granted. *See, Gilbreath v. Phillips Petroleum Company*, 526 F.Supp. 657, 659 (W.D.Okla.1980), 5

C. Wright and A. Miller, *Federal Practice and Procedure: Civil,* § 1381. The Court cannot hold that the affirmative defenses in questions clearly have no bearing upon the subject matter of the litigation, or that such defenses are "clearly insufficient as a matter of law." *Oliner v. McBride's Industries, Inc.,* 106 F.R.D. 14, 17 (S.D.N.Y. 1985).

The Government moves to strike the following defenses:

(1) Equity precludes the remedy sought by Plaintiff;

(2) An injunction is inappropriate as offending activities have ceased;

(3) Estoppel;

(4) Constitutional arguments regarding the constitutionality of CERCLA and RCRA, (vagueness; retroactive imposition of liability);

(5) Defendant(s) complied with the law;

(6) Plaintiff failed to conform with CERCLA and RCRA;

(7) Plaintiff is a generator of hazardous substances at the Hardage Criner site and is barred by unclean hands;

(8) Plaintiff was negligent, reckless and committed wrongful acts or omissions in connection with the site;

(9) Statutes of limitations and the doctrine of laches bar Plaintiff's claims;

(10) Failure of the Government to provide proper notice before undertaking response;

(11) Defendant exercised due care;

(12) The site is closed and Defendant(s) never possessed interest in ownership of the site;

(13) The requested injunctive relief constitutes an order to pay response costs, recoverable only against a person liable under CERCLA Sec. 107;

(14) Interference of a third party, pursuant to Sec. 107(b)(3) of CERCLA;

(15) Third parties caused any release of hazardous wastes;

(16) Plaintiff generated hazardous substances sent to the site, and as a joint wrongdoer, is precluded from suing defendant(s) directly;

(17) RCRA and CERCLA are unconstitutional as applied to Defendant Stockyards, due to the requirement of the State of Oklahoma that said Defendant deposit its hazardous substances at the site and due to requirements of federal law as articulated in the Federal Insecticide, Fungicide and Rodenticide Act [7 U.S.C.S. §§ 136 et seq.];

(18) Plaintiff assumed the risk and failed to mitigate its loss;

(19) Other equitable defenses;

(20) Actions and inaction of plaintiff preclude injunctive relief;

(21) Deposits of waste by Defendant(s) were not the cause of any imminent and substantial endangerment;

(22) Failure to join indispensable parties;

(23) Unconstitutional retroactivity;

(24) Waiver of the right to relief by acts, conduct and omissions of the Government;

(25) Substances of Defendant(s) did not cause injuries;

(26) Lack of due diligence of Plaintiff;

(27) Lack of proximate cause;

(28) Plaintiff's failure to take cost-effective corrective action;

(29) CERCLA does not impose liability for pre-enactment costs or actions;

(30) CERCLA claims are barred and/or limited due to Plaintiff's failure to comply with the limitations on removal in CERCLA Sec. 104;

(31) Failure to provide defendants with opportunity to remedy conditions at the site;

(32) President's failure to enter into a cooperative agreement with the State of Oklahoma;

(33) Mandatory or affirmative injunctive relief for remedial purposes in removal actions cannot be imposed under CERCLA Sec. 106.

The Government argues the only defenses available to actions under CERC-

LA Sec. 106 and RCRA Sec. 7003 are the three defenses expressly set forth in Sec. 107(b) of CERCLA: Act of God, Act of War, and Acts of Third Parties. The Government moves to strike all other defenses. The Court disagrees with the Government's interpretation of Sec. 107(b), in that it ignores statutory language and is contradicted by rulings of other federal courts which have held certain equitable defenses are available to defendants in cases such as the one at bar. *See, e.g., United States v. Price,* 523 F.Supp. 1055, 1067 (D.N.J.1981); *Wienberger v. Romero-Barcelo,* 456 U.S. 305, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982), wherein the United States Supreme Court construed Sec. 311 of the Clean Water Act, (an injunctive relief provision analogous to Sec. 7003 of RCRA), and held the full array of traditional equitable defenses was available under the injunctive provision. The Supreme Court refused to abrogate long standing principles of equity absent an express dictate from Congress:

> "[T]he comprehensiveness of this equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.'" 456 U.S. at 313, 102 S.Ct. at 1804; quoting from *Porter v. Warner Holding Company,* 328 U.S. 395, 398, 66 S.Ct. 1086, 1089, 90 L.Ed.2d 1332 (1946). *See* Defendant's Brief in Opposition to Government's Motion to Strike, pp. 6–7.

This Court believes the holding of the United States Supreme Court in *Romero-Barcelo* may be applied properly to the injunctive provision of Sec. 7003 of RCRA. Therefore, since RCRA Sec. 7003 claims involve equitable considerations, *See United States v. Price,* 523 F.Supp. 1055, the Government's Motion to Strike the equitable defenses of asserted by the various defendants is hereby DENIED. One of the cases frequently cited by the Government in its brief, *United States v. Conservation Chemical,* 619 F.Supp. 162, 175, 204 (W.D. Mo.1985), *aff'd,* 106 F.R.D. 210 (W.D.Mo., C.D.1985), held equitable defenses were available under CERCLA. Even if this Court should accept as settled that the standard of liability under CERCLA is strict liability, legal or equitable defenses are not precluded when utilized for other purposes, in connection with the enforcement or interpretation of the statute. A provision for strict liability in a statute does not mean legal or equitable defenses cannot be asserted for other purposes, in connection with the enforcement or interpretation of the statute. *United States v. Conservation Chemical Co.,* 619 F.Supp. 162, *aff'd,* 106 F.R.D. 210. In fact, Section 106(a) of CERCLA specifically states a court may "grant such relief as public interest in the equities of the case may require."

▉ Similarly, the Government would have this Court strike all defenses contrary to the principle of joint and several liability. *See* Government's Brief at 8. A careful review of the legislative history of CERCLA establishes Congress wished to avoid mandatory joint and several liability. The Court may impose joint and several liability where the harm is single and indivisible. However, defendants must be given the opportunity to demonstrate the divisibility of the harm and the degrees to which each defendant is responsible. This determination of liability turns on whether the harm caused at the Hardage Criner site is "divisible" or "indivisible." The Court notes that imposition of joint and several liability is permissive, but not mandatory. Congress intended issues of liability under CERCLA, including joint and several liability, to be determined under traditional and evolving principles of federal common law. *See State of Colo. v. Asarco, Inc.,* 608 F.Supp. 1484 (D.C.Colo.1985); *United States v. Shell Oil Co.,* 605 F.Supp. 1064 (D.Colo. 1985). The Court also may apportion damages according to "the degree of involve-

ment by the parties in the generation, transportation, treatment, storage, or disposal of the hazardous wastes," and "the degree of care exercised by the parties with respect to the hazardous waste concerned." *United States v. A & F Materials Co.*, 578 F.Supp. 1249, 1256 (S.D.Ill. 1984).

■ Therefore, the issues raised by Defendants' affirmative defenses regarding divisibility of harm at the Hardage-Criner site, the degree of care exercised by the parties, and the Government's own status as a liable party under CERCLA, directly relate to apportionment of damages. The Court declines to address the extent to which such issues may relate to liability, at this time. The Government's assertion joint and several liability is appropriately imposed upon defendants, at such an early stage in this litigation, is premature.

Finally, the defenses of divisibility of harm, due care, and the Government's own liability, raise substantial issues of fact. Such complex factual issues preclude this Court from dismissing these affirmative defenses on the Government's Motion to Strike.

■ Other affirmative defenses pled by Defendants, such as Plaintiff's negligence, recklessness and wrongful acts or omissions in connection with the site; interference of a third party; Plaintiff's actions and inactions, also may be considered by this Court in determining the nature of the remedy sought or the level of damages. *See United States Conservation Chemical Co.*, 619 F.Supp. at 204. Defendants' defense of lack of proximate cause is relevant to the Government's claims for equitable and injunctive relief, by clear statutory language of RCRA Sec. 7003, which provides:

"... Upon receipt of evidence that the past or present handling, storage, treatment, transportation, or disposal of any solid ... or hazardous wastes may present an imminent and substantial endangerment to health or the environment, the administrator may bring suit ... against any person ... who has contributed or who is contributing to such

handling, storage, treatment, transportation, or disposal...." 42 U.S.C. § 6973(a), Consolidated Defendant's Brief at 13.

It appears that RCRA expressly specifies there is no liability without a causal relationship between a defendant and an imminent and substantial endangerment. This Court is satisfied the Government must establish the hazardous substances disposed of by each defendant were present at the site, and that such substances may have contributed to a situation which now may present imminent or substantial endangerment, in order to hold the various defendant liable. *See United States v. Solvents Recovery Service*, 496 F.Supp. 1127, 1143 (D.Conn.1980); *United States v. Ottati & Goss, Inc.*, 630 F.Supp. 1361 (D.N.H. 1985).

■ Government delays over the last six years may have caused estimated costs of cleanup at the Hardage Criner site to increase appreciably. This Court believes numerous affirmative defenses, which the Government seeks to strike, must be considered in mitigation of any damages incurred by Defendants due to the Government delays. Such defenses include increased costs due to the Government's failure to take appropriate response measures at the site; failure to provide proper notice before undertaking the response; acts or omissions of the Government which resulted in exacerbation of any release at the site; Plaintiff's undue delay in taking action at the site. Further, as Defendant J.O.C. Oil Company states in its brief, p. 7, § 104(c) of CERCLA contains requirements for reasonable notice to defendants. Under § 107 actions, it is possible that a six year period between the Government's first awareness of the Hardage site and its noticing of J.O.C. and other defendants herein, is per se unreasonable. Similarly, affirmative defenses regarding Defendants' due care, and actions in compliance with applicable law, may be relevant in the apportionment of damages, and in development of other remedies sought by the Government.

■ The Government requests this Court to strike Defendants' statute of limi-

tations defense on the ground no statute of limitation applied to this action when Plaintiff filed it. Government Brief at 2. At the present time, this Court is not satisfied the Government may bring an action under the provisions of CERCLA or RCRA without regard to the timeliness thereof. Although the Government proposes no statute of limitations applies, it also argues the equitable doctrine of laches is inapplicable to the timeliness of the Government's suits. As such, it would seem the Government interprets its cause of action under CERCLA to exist ad infinitum. The Court cannot accept such a view, and therefore declines at this time to strike Defendants' statute of limitations defense. A Motion to Strike is inappropriate for a statute of limitations defense, alternatively, in that it necessarily involves mixed questions of law and fact. *Oklahoma Cotton Coop. Ass'n. Compress v. Thomas,* 560 P.2d 562 (Okl. 1977), *citing Munsingwear, Inc. v. Tullis,* 557 P.2d 899, 902 (Okla.1976). Defendants must be allowed to develop the facts, and the Court must have the opportunity to settle legal issues, prior to making a determination as to this defense.

■ Similarly, Defendants' constitutional defenses cannot be disposed of in the instant motion to strike. A disposition of those defenses on Plaintiff's Motion to Strike would be premature. An undeveloped factual record does not provide a sufficient basis for this Court to determine whether or not Defendants constitutional defenses are appropriate.

■ Defendant Stockyards has pleaded several defenses separate from those of other defendants, in connection with a unique situation the Stockyards alleges arose pursuant to the requirements of the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C.S. §§ 136 et seq. Although the Court has denied Stockyards' Motion to Dismiss and Motion for Summary Judgment, the Court declines to make a final determination as to whether or not Defendant Oklahoma National Stockyards Company is, in fact, in a unique position. Therefore, it is inappropriate to strike Stockyards' unique affirmative defenses.

■ The Court finds dismissal of any other affirmative defense not specifically addressed herein would be premature at this time.

Additionally, upon due consideration of the evidence and arguments provided to the Court, and after reviewing the parties' briefs, the Court is satisfied the aforementioned defenses depend upon disputed questions of fact and of law. The Court believes no prejudice will accrue to Plaintiff if defendants are allowed to develop a complete factual discovery before this Court ultimately determines the legal sufficiency of each defense. The Court believes Defendants must be afforded an opportunity to discover facts which would tend to support and tend to prove their alleged affirmative defenses. Striking the affirmative defenses at issue on this motion effectively would deprive Defendants of an opportunity to which the Court deems they are entitled. Accordingly, it is hereby ordered that the Motion to Strike Certain Affirmative Defenses of Plaintiff, the United States of America, is HEREBY DENIED.