The **FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Knox Federal Savings & Loan Association, Plaintiff,**

v.

**J. Garrett BURDETTE, Clayton Christenberry, Jr., Alex Curtis Estate of Howell C. Curtis, Steve Curtis, William H. Curtis, Michael M. Downing, John J. Duncan, John J. Duncan, Jr., Joe S. Duncan, Ralph H. Newman, Jr., William Regas, C.A. Ridge, Richard G. Rutherford, Burton B. Simcox, and Estate of David M. Stair, Defendants.**

Civ.A. No. 3–87–809.

United States District Court,
E.D. Tennessee, N.D.

July 28, 1988.

See also 696 F.Supp. 1190; 696 F.Supp. 1196.

John L. Conlon, Hopkins & Sutter, Chicago, Ill., Elizabeth S. Tonkin, Walt, Dyer & James, Knoxville, Tenn., for plaintiff.

Arnold Tackett, Chattanooga, Tenn., for third-party defendant.

J. Michael Winchester, Lacy & Winchester, P.C., David L. Buuck, Michael M. Downing, Claiborne, Davis, Buuck & Hurley, Charles A. Wagner, III, Wagner, Myers & Sanger, P.C., R. Franklin Norton, Norton & Luhn, P.C., Randall E. Nichols, Harwell & Nichols, Charles W.B. Fels, Ritchie, Fels & Dillard, P.C., Richard L. Hollow, McCampbell & Young, Steven Oberman, Daniel & Oberman, Ronald C. Koksal, Butler, Vines, Babb & Threadgill, Johnathan H. Burnett, Hodges, Doughty & Carson, Lewis S. Howard, Jr., Howard & Ridge, Archie R. Carpenter, Carpenter & O'Connor, Bernard E. Bernstein, Bernstein, Susano & Stair, Knoxville, Tenn., for defendants and third-party defendants.

William B. Luther, Luther, Anderson, Cleary, Ruth & Speed, Chattanooga, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter comes before the court on plaintiff's motion to dismiss counterclaims brought by most of the defendants in this action[1] and to strike certain affirmative defenses asserted by defendants. The parties having fully briefed the issues, and oral argument having been heard on July 18, 1988, in Knoxville, Tennessee, the court will grant plaintiff's motion.

 On November 11, 1987, plaintiff filed the instant action against sixteen former officers and directors of the now closed Knox Federal Savings & Loan Association (Knox), alleging that these defendants breached their fiduciary duties to Knox in relation to twenty-six different loan transactions in which Knox was involved.[2] Plaintiff is suing in its capacity as the Receiver of Knox as appointed by the Federal Home Loan Bank Board on November 16, 1984. Defendants have counterclaimed against the FSLIC for recoup-

---

1. The only defendants that have not filed counterclaims are Alex Curtis, C.A. Ridge, and Richard G. Rutherford.

2. Defendants' counterclaims assert recoupment, and recoupment only. This is due to the fact that under the Federal Tort Claims Act, claims against a federal agency must be brought against the United States, and not that agency. 28 U.S.C. § 2679(a); *Peak v. Small Business Administration*, 660 F.2d 375, 377–78 (8th Cir. 1981); *Woods v. United States*, 720 F.2d 1451, 1452, n. 1 (9th Cir.1983). However, an exception to this rule is that where a federal agency brings suit against a defendant, that defendant may counterclaim against the agency for recoupment. *FSLIC v. Quinn*, 419 F.2d 1014, 1019 (7th Cir.1969); *FDIC v. Lattimore Land Corp.*, 656 F.2d 139, 143 (5th Cir.1981); *FDIC v. Shinnick*, 635 F.Supp. 983, 985 (D.Minn.1986); *FDIC v. Blackburn*, 109 F.R.D. 66, 75 n. 2 (E.D.Tenn. 1985). Consequently, recoupment is the only type of counterclaim defendants could bring against the FSLIC.

ment, asserting that the FSLIC was negligent in its conduct of examinations of Knox when it was solvent, and contributed to the eventual insolvency of Knox via its negligence in the operation of the savings and loan after the FSLIC took control of Knox under a consent resolution in August 1983.[3] Defendants have also filed numerous affirmative defenses related to the regulation and control of Knox by the FSLIC.

Plaintiff now moves to have these counterclaims dismissed and affirmative defenses struck, and raises six different issues in its motion which are identified by all parties as follows:

> Issue I Whether defendants' counterclaims and affirmative defenses relate to the conduct or activities of FSLIC/Receiver;
>
> Issue II Whether the FHLBB or the FSLIC/Corporate owed any duties to defendants;
>
> Issue III Whether defendants' counterclaims are barred by sovereign immunity;
>
> Issue IV Whether defendants have failed to exhaust their administrative remedies as to any counterclaims against the FSLIC/Receiver;
>
> Issue V Whether any claim against FSLIC/Corporate must be brought against the United States, and must defendants have exhausted administrative remedies before bringing such claims; and
>
> Issue VI Whether defendants' counterclaims are improper because they do not relate to the same transactions involved in the complaint?

As discussed below, the court resolves Issues I, II, and VI in favor of plaintiff. The result is that defendants will not be permitted to raise any claims of negligence on the part of the FSLIC prior to its being appointed the Receiver of Knox on November 16, 1984, in this action whether in the form of a counterclaim for recoupment or some other type of counterclaim or third party

claim. Consequently, Issues III, IV, and V are moot, and will receive no further consideration.

*Discussion*

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), all allegations are assumed to be true in the pleading in question, and all reasonable inferences are drawn in favor of the non-movant. *Westlake v. Lucas,* 537 F.2d 857, 858–859 (6th Cir.1976); *Great Lakes Steel, Division of National Steel Corporation v. Deggendorf,* 716 F.2d 1101, 1104–1105 (6th Cir. 1983). A motion to dismiss will be granted only if, treating all well-pled allegations as true, the non-movant will be unable to recover under the pleading in question. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

In resolving a motion to strike affirmative defenses pursuant to Fed.R. Civ.P. 12(f), it must be remembered that these motions are generally disfavored, but are within the sound discretion of the district court. *FDIC v. Berry,* 659 F.Supp. 1475, 1479 (E.D.Tenn.1987); *FDIC v. Butcher,* 660 F.Supp. 1274, 1277 (E.D.Tenn. 1987). A motion to strike affirmative defenses seeks to strike those defenses that are insufficient, redundant, immaterial, impertinent, or scandalous. *Berry, supra,* 1479; *Butcher, supra,* 1277. An affirmative defense is immaterial if it bears no essential or important relationship to the primary claim for relief, and is impertinent if it contains statements that do not pertain to or are unnecessary to the issues in question. *Berry, supra,* 1479; *Butcher, supra,* 1277. An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances. *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.

---

**3.** Count I of the complaint alleges that John J. Duncan, Jr., Joe S. Duncan, Alex Curtis, and Howell C. Curtis conspired with Cecil H. Butcher so that Butcher could gain effective control of Knox and use it for his benefit. Count II alleges that all defendants except for Alex Curtis and Joe S. Duncan were negligent in their conduct as directors of Knox, and this negligence in the supervision of Knox allowed the Butcher conspiracy to succeed.

1953); *United States v. Hardage,* 116 F.R. D. 460, 463 (W.D.Okla.1987). Forthrightly dealing with inadequate or improper affirmative defenses and counterclaims at an early stage in the litigation helps the parties focus discovery on the real issues in the case and reduces the cost of litigation to the parties.

I. Whether counterclaims arise out of same transaction as complaint.

Plaintiff contends that for a recoupment counterclaim to be valid, it must arise out of the same transaction as the plaintiff's claim, and that defendants' counterclaims here deal with occurrences far beyond the twenty-six loans identified in the complaint. Defendants respond that the transaction which is really at the heart of plaintiff's complaint is the movement of Knox towards insolvency, and because their counterclaims allege that the actions of the FSLIC contributed to the Knox insolvency, proper recoupment claims have been alleged.

■ Recoupment is a right to claim damages in reduction of a plaintiff's claim for failure by the plaintiff to comply with some cross-obligation or for the violation of some duty imposed by law in the making and performance of the contract. *Complaint of American Export Lines, Inc.,* 568 F.Supp. 956, 961 (S.D.N.Y. 1983); *Mack v. Hugger Bros. Construction Co.,* 153 Tenn. 260, 283 S.W. 448, 449 (1926); 20 Am.Jur.2d, *Counterclaim, Recoupment, Etc.,* § 1 (1965). Recoupment claims relate to cross-demands that are inseparably connected with and arising out of the same transaction on which the plaintiff's suit is grounded. *Rothensies v. Electric Battery Company,* 329 U.S. 296, 299, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1946); *American Training Services v. Commerce Union Bank,* 415 F.Supp. 1101, 1104 (M.D.Tenn.1976), *aff'd,* 612 F.2d 580 (6th Cir.1979); *Arco Co. v. Garner & Co.,* 143 Tenn. 262, 227 S.W. 1025 (1921); *Mack, supra,* 283 S.W. at 449–450. "Transaction" is a word of flexible meaning, and it may comprehend a series of many occurrences, depending not so much on the immediateness of their connec-tion as upon their logical relationship. *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926); *Republic Health Corporation v. Lifemark Hospitals of Florida,* 755 F.2d 1453, 1455 (11th Cir.1985).

■] Defendants take the position espoused by several courts in similar situations that the transaction at issue here is the movement of Knox towards insolvency. *See FSLIC v. Williams,* 599 F.Supp. 1184, 1210 (D.Md.1984); *FDIC v. Carter,* —— F.Supp. ——, No. 86–2557, slip op. at 5 (C.D.Cal., July 23, 1987). The court does not agree that this is the transaction in this case. The insolvency of Knox is not what is at issue in the complaint; rather, the case revolves around allegations of breach of fiduciary duties by officers and directors which lead to specific losses on certain enumerated loan transactions. If Knox had not become insolvent, these claims might still have been brought against defendants. Knox, rather than the FSLIC, would have been the plaintiff. Because the transaction at issue is not the move to insolvency but the specific action of discrete persons causing losses in identified loans, these counterclaims do not relate to the transaction at issue in the complaint, they do not properly allege a claim for recoupment, and therefore must be dismissed. *See FDIC v. Ernst & Whinney,* No. 3–87–364, slip op. at 3 (E.D. Tenn, December 15, 1987) [available on WESTLAW, 1987 WL 39943].

II. Whether counterclaims and affirmative defenses relate to the conduct of the FSLIC as a Receiver.

■ Plaintiff argues that FSLIC serves two very different functions: (1) an examiner/insurer of savings and loans (corporate) and (2) that of an appointed receiver of a failed saving and loan (receiver). It contends that it is suing as the Receiver of Knox, and that many of the affirmative defenses and all counterclaims raised by defendants relate to its conduct in its corporate capacity instead, and as such are improper. Defendants respond that it makes no difference what capacity plaintiff is suing under, as claims against it in its corporate capacity may be brought against

it as a receiver, and visa versa, and to hold otherwise would be to uphold an artificial distinction which frustrates justice.

Fed.R.Civ.P. 13(a) requires that compulsory counterclaims be brought so that all related controversies between the parties to a single suit may be resolved at one time. *Banco Nacional De Cuba v. Chase Manhattan Bank*, 658 F.2d 875, 885 (2d Cir.1981); 6 Wright & Miller, *Federal Practice & Procedure*, § 1409 at 37 (1971). The assertion of what is alleged to be a compulsory counterclaim requires that the counter-defendant and the plaintiff be the same entity, and as a result, if a party sues in one capacity, the defendant may not counterclaim against it in another capacity. *Banco Nacional, supra*, 885; *Leon Tempelsman & Son v. TECC Corp.*, 107 F.R.D. 384, 385 (N.D.Tex.1985); 6 Wright & Miller, *supra*, § 1404 at 16.

The pertinent statutes and regulations that relate to the FSLIC and its connection with federally-chartered savings and loans make clear that the FSLIC performs two very different functions, being that of an insurer/examiner and that of a receiver of a failed savings and loan. *Womble v. Dixon*, 752 F.2d 80, 81 (4th Cir.1984). These functions result in the FSLIC being seen not as one but, rather, as two different entities, the FSLIC/Corporate and the FSLIC/Receiver, each being separate and distinct from the other. *Godwin v. FSLIC*, 806 F.2d 1290, 1291, n. 1 (5th Cir.1987); *Mitchell Investment Co. v. FSLIC*, No. C–2–81–661, slip op. at 2, n. 1 (S.D. Ohio, March 24, 1983). In a situation such as the instant one where the FSLIC is suing as a receiver of a failed savings and loan, any claims against it in its corporate capacity are not against it in the capacity in which it is a plaintiff, and those claims do not constitute proper counterclaims or affirmative defenses.

This conclusion is supported by reference to cases dealing with the FDIC, which performs the same functions for commercial banks as the FSLIC performs for savings and loans. As with the FSLIC, the courts have consistently recognized that the FDIC serves in two distinct capacities, examiner/insurer and receiver of a failed bank. *Gilman v. FDIC*, 660 F.2d 688, 695, n. 11 (6th Cir.1981), *In re F & T Contractors, Inc.*, 718 F.2d 171, 176–77 (6th Cir.1983). Courts have held that the FDIC/Corporate shall not be held responsible for the acts of the FDIC/Receiver and visa versa, and therefore in a case brought by the FDIC in one capacity counterclaims or other defenses against the FDIC in another capacity will not be permitted. *FDIC v. Roldan Fonseca*, 795 F.2d 1102, 1109 (1st Cir.1986); *British Columbia Investment Co. v. FDIC*, 420 F.Supp. 1217, 1223–24 (S.D.Cal. 1976); *FDIC v. Meyer*, 578 F.Supp. 147, 148 (N.D.Ill.1983); *FDIC v. Dempster*, 637 F.Supp. 362, 368 (E.D.Tenn.1986); *FDIC v. Berry, supra*, 1482–83, 1486; *FDIC v. Butcher, supra*, 1280, 1283.[4]

In light of the distinction set out above, plaintiff's motion must be granted. The FSLIC is either acting as a formally appointed receiver of a failed savings and

---

4. Defendants' arguments to the contrary are not persuasive. Their reference to *FSLIC v. Williams, supra*, 1211, as concluding that there are not two separate FSLIC entities is not accurate, as in *Williams*, the court was not discussing the difference between the FSLIC/Corporate and the FSLIC/Receiver but, rather, the difference between the FSLIC/Corporate and the FSLIC/Corporate after it was assigned all claims possessed by a savings and loan which had not gone insolvent, but was merged into a new bank. There is no discussion in *Williams* concerning the corporate/receiver distinction, the other cases which have found such a distinction, or the applicable statutes which have seemingly created this distinction.

Defendants' other argument, analogizing to the Tennessee cases dealing with wrongful death actions, is equally unpersuasive. These cases, and particularly *Nichols v. Nashville Housing Authority*, 187 Tenn. 683, 216 S.W.2d 694, 695 (1949), hold that one parent may not recover against a tortfeasor for the wrongful death of a child if the other parent's negligence contributed to the death. Defendants apparently equate the father and the mother with the FSLIC/Corporate and the FSLIC/Receiver, but this analogy has little impact in light of the considerable authority recognizing the corporate/receiver distinction, particularly given that the FSLIC is a federal agency, and the law to be applied regarding the functioning of a federal agency should be federal and not state. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726–27, 99 S.Ct. 1448, 1457–58, 59 L.Ed.2d 711 (1979).

loan or it is acting in its corporate capacity, and until the FLSIC is appointed as a receiver, all of its actions must be considered to have been performed by the FSLIC/Corporate. All of the counterclaims and affirmative defenses at issue deal with conduct by the FSLIC prior to November 16, 1984, at which point the FSLIC was formally appointed as Receiver of Knox. As a result, these counterclaims make claims against the FSLIC/Corporate, which is not the plaintiff in this case. Consequently, the counterclaims must be dismissed as not meeting the requirements of Rule 13,[5] and the affirmative defenses based on the pre-receiver conduct of the FSLIC must be struck as being immaterial and insufficient as a matter of law.

III. Whether the FSLIC owed any duty to defendants.

Plaintiff argues that in order for defendants to raise a recoupment counterclaim, or certain affirmative defenses, defendants must establish that FSLIC/Corporate owed a duty to defendants arising out of its examinations and regulation of Knox. Plaintiff contends that no such duty has been demonstrated, and no such duty exists. Defendants respond that recoupment does not require that plaintiff owe a duty to defendants, only that plaintiff owe a duty to someone and that duty has been violated. Moreover, defendants contend that recoupment is intended to do justice in view of the transaction as a whole, and the only way to do justice in the instant case is to permit the recoupment claims.

■■■ The parties discuss this issue in the context of whether the counterclaims for recoupment are proper or not, with the focus on whether there must be a duty owed to the defendants by the plaintiff in order for the defendants to assert recoupment. The recoupment issue is moot, as the court has already concluded that the counterclaims do not arise out of the same transaction as the complaint and as such, recoupment is not available to defendants.

However, the court realizes that the allegations of negligence found in the defendants' counterclaims may be realleged in the form of a third-party complaint for something other than recoupment, and in such a case it will be very important to determine whether or not the FSLIC owed a duty to defendants, because without such a duty there can be no claim for negligence. *See* *FDIC v. Blackburn*, 109 F.R.D. 66, 75 (E.D.Tenn.1985). Consequently, the interests of efficiency and justice require that this issue be resolved now. In the banking context, the affirmative defenses of contributory negligence, estoppel, and mitigation of damages, require the existence of a duty owed by plaintiff to defendants. *FDIC v. Dempster, supra,* 366–67; *FDIC v. Berry, supra,* 1483; *FDIC v. Butcher, supra,* 1282.

■■■ In their responsive brief, defendants do not directly dispute plaintiff's contention that the FSLIC owes no duty to the officers and directors of a savings and loan association, or the association itself, as a result of its regulation of insured institutions. The law is clear that the FSLIC owes no duties that could form the basis of a negligence action, as the FSLIC owes a duty arising out of its regulatory activities only to the insurance fund which covers the savings and loan deposits and not to the institution in question or its agents. *Harmsen v. Smith,* 586 F.2d 156, 157–58 (9th Cir.1978); *In re Franklin National Bank Securities Litigation,* 478 F.Supp. 210, 215–16 (E.D.N.Y. 1979); *FSLIC v. Williams, supra,* 1206; *FDIC v. Dempster, supra,* 366–67; *FDIC v. Berry, supra,* 1483–84; *FDIC v. Butcher, supra,* 1282; *FDIC v. Blackburn,* 109 F.R.D. 66, 72–73 (E.D.Tenn.1985) (no duty to ring the alarm bell to arouse drowsy directors and misguided stockholders). As a result, because the FSLIC owes no duty to defendants by virtue of its regulation of Knox, the allegations contained in defendants' counterclaims cannot form the basis of a negligence claim against it, regardless of

---

5. The result of this issue, taken with the previous issue, means that whatever claims defendants have against the FSLIC/Corporate may not be brought as counterclaims, be they for recoupment or otherwise.

the form in which it is brought (i.e., third-party claim, a new action, etc.). In addition, all affirmative defenses that require a duty owed to defendants by the FSLIC must be struck as being insufficient as a matter of law.

*Conclusion.*

Accordingly, all counterclaims asserted by the defendants in this action are dismissed. In addition, all affirmative defenses that relate to the pre-receivership conduct of the FSLIC or that require the existence of a duty owed by the FSLIC to defendants must be struck....