FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

William D. COBLE, et al., Defendants.

No. N 88–0104 C.

United States District Court,
E.D. Missouri, N.D.

Sept. 18, 1989.

Petra T. Tasheff and Tracy L. Smedley, Kansas City, Mo., and J. Emmett Logan, Overland Park, Kan., for plaintiff.

George M. Ely, Hamilton, Mo., for defendant Melvin R. Launius, Sr.

Martin M. Bauman and Franklin T. Thackery, St. Joseph, Mo., for all defendants.

John Lyng, Hannibal, Mo., for defendant John W. Hupman.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This case is currently before the Court on the motion of defendants Coble, Dray, Duncan, Folks, Staton, and Whisler for leave to amend their answer to include affirmative defenses; the motion of plaintiff to strike defendant Hupman's affirmative defenses; and the motion of plaintiff for leave to propound its second set of interrogatories to defendant Hupman. For the reasons set forth below, the first and third defense motions listed above are denied and plaintiff's motion to strike is granted.

Federal Deposit Insurance Corporation ("FDIC") brings this action pursuant to the provisions of 12 U.S.C. § 1811 *et seq.* in its corporate capacity against former directors and officers of the Linn County State Bank ("the Bank"), a state banking institution which was organized and existing under the laws of the State of Missouri and insured by FDIC. On or about July 19, 1985, the Missouri Commissioner of Finance ("the Commissioner") determined that the Bank was insolvent, took charge of the Bank and all of its property and assets pursuant to § 361.300 R.S.Mo.1968, and appointed the FDIC as liquidating agent of the Bank pursuant to § 361.365 R.S.Mo. 1968. FDIC accepted this appointment on that same date and thereafter became the Bank's receiver pursuant to 12 U.S.C. § 1821(e). Upon becoming the Bank's receiver, the FDIC assumed possession of and title to all of the Bank's assets, business and property of every kind, including all claims alleged in this action. § 361.365 R.S.Mo.1968; 12 U.S.C. § 1821(e). On July 19, 1985, the Circuit Court of Linn County, Missouri authorized FDIC, in its capacity as receiver of the Bank, to sell all of the Bank's assets not acquired by an assuming bank to FDIC in its corporate capacity. *See* 12 U.S.C. § 1823(c)(2)(A). This sale was accomplished on July 19, 1985 and its terms are represented in a contract of sale bearing that date.

Plaintiff alleges that defendants "variously breached their statutory, fiduciary and contractual duties, were negligent in failing to protect the assets and economic viability of the bank, and undertook or failed to prevent numerous unsound and unlawful transactions on the bank's behalf." Plaintiff's Complaint, ¶ 24 at p. 7. Specifically, plaintiff describes three independent areas in which defendants' breach of duty injured the Bank: in their management and control of the Bank and their conduct of its activities and affairs, Plaintiff's Complaint, ¶ 25, at p.7; in making, approving, ratifying, and permitting specific loan transactions, Plaintiff's Complaint, ¶ 26 at p. 8; and in paying and permitting specific overdrafts, Plaintiff's Complaint, ¶ 27 at p. 10. As a consequence, plaintiff alleges the Bank sustained a loss in a principal amount of $800,000.00 in connection with loans made, overdrafts paid, and Farm Plan credits to borrowers.

Defendant Hupman alleges, and the other defendants seek to allege, the affirmative defenses of contributory negligence, failure to mitigate damages, and improper sale of assets "in a manner that was not commercially reasonable" and such that an "inadequate consideration" was obtained. The Court finds the third defense to be essentially a restatement of the first two and therefore will discuss only contributory negligence and failure to mitigate damages. Moreover, because all three motions rise and fall on the propriety of these affirmative defenses, the Court will address only that central issue from the general vantage point of the legal sufficiency of

the affirmative defenses. This approach should fairly address the policy concerns and appropriate standards regarding motions to strike and, conversely, motions for leave to amend.

■ Motions to strike are ill-favored and sparingly granted. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977). Nevertheless, resolution of such a motion lies within the sound discretion of the district court. *Federal Savings & Loan Ins. Corp. v. Burdette*, 696 F.Supp. 1183, 1186 (E.D.Tenn.1988). Defenses appropriately stricken are those which are "insufficient". Fed.R.Civ.P. 12(f); *Burdette*, 696 F.Supp. at 1186. The Eighth Circuit has articulated the standard by which to test the sufficiency of a defense:

> A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.

*Lunsford*, 570 F.2d at 229. The insufficiency of a defense "depends upon the nature of the claim for relief and the defense in question." *EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). Moreover, the motion should not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances," *Burdette*, 696 F.Supp. at 1186; *United States v. Hardage*, 116 F.R.D. 460, 463 (W.D.Okla.1987); or is immaterial in that it "ha[s] no essential or important relationship to the claim for relief...." *Federal Deposit Ins. Corp. v. Berry*, 659 F.Supp. 1475, 1479 (E.D.Tenn.1987).

■ With similar logic, motions for leave to amend are to be freely granted. Fed.R. Civ.P. 15(a); *City of Columbia v. Paul N. Howard Co.*, 707 F.2d 338, 341 (8th Cir.), cert. denied, 464 U.S. 893, 104 S.Ct. 238, 78 L.Ed.2d 229 (1983), unless the Court finds that the amended complaint cannot state a claim as a matter of law, *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir.1983). Determination of these issues is left, like a motion to strike, to the sound discretion of the trial court. *Kaufmann v. Sheehan*, 707 F.2d 355, 357–58 (8th Cir.1983). Because these standards both collapse into an inquiry as to the legal sufficiency of the proposed amendment to pleadings, the Court will, therefore, discuss this central issue only.

■ The Court finds that defendants' affirmative defenses are legally insufficient. All of plaintiff's allegations against the Bank's officers and directors necessarily concern their behavior before July 19, 1985, the date the Commissioner determined the Bank to be insolvent. By the same token, any FDIC activities necessarily took place after July 19, 1985, when it accepted its appointment as the Bank's liquidating agent and, almost simultaneously, sold, in its capacity as receiver, all of the Bank's assets to the FDIC in its corporate capacity. Thus, any hypothetical FDIC liability for damages incurred by the Bank and its depositors as a result of alleged actions of the Bank's officers and directors becomes a logical *non sequitur*. *Burdette*, 696 F.Supp. at 1187. By definition, contributory negligence and failure to mitigate damages involve behavior of the plaintiff causally related to the very damages he contends defendant caused. *See* Missouri Annotated Instructions 6.01, 37.07; *Earll v. Consolidated Aluminum Corp.*, 714 S.W.2d 932, 935 (Mo.App.1986).

For the foregoing reasons, the Court finds the affirmative defenses of contributory negligence and failure to mitigate damages insufficient as a matter of law in the present circumstances. Accordingly,

IT IS HEREBY ORDERED that the motion of defendants Coble, Dray, Duncan, Folks, Staton, and Whisler for leave to amend their answer to include affirmative defenses be and it is denied.

IT IS FURTHER ORDERED that plaintiff's motion to strike the affirmative defenses of defendant Hupman be and it is granted.

IT IS FURTHER ORDERED that plaintiff's motion for leave to propound its second set of interrogatories to defendant Hupman be and it is denied.