**In re E.R. GINN, III, Debtor.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**E.R. GINN, III, Defendant.**

**Bankruptcy No. 88–00632.**
**Adv. No. 88–0265.**

United States Bankruptcy Court,
D. South Carolina.

Sept. 14, 1990.

---

720

Diana Gordon, Trial Atty., Torts Branch, Civ. Div., Washington, D.C., for plaintiff.

Alice F. Paylor, Rosen, Rosen & Hagood, Charleston, S.C., for defendant.

## ORDER

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

This matter came before me upon a Motion by Defendant, E.R. Ginn, III, to Amend or Supplement his Answer in this adversary proceeding by adding five counterclaims, three for breach of contract, and two tort claims against Plaintiff Federal Deposit Insurance Corporation. After reviewing the motion, the memorandum submitted, and hearing arguments of counsel, this Court is of the opinion that the Motion to Amend or Supplement the Answer to include the proposed counterclaims that sound in tort should be denied because the amendment is futile.

Although motions to amend are granted liberally, if the amended answer would be subject to a motion to dismiss, leave to amend should be denied. *See, e.g., Chapman v. Sheridan–Wyoming Coal Co.,* 338 U.S. 621, 70 S.Ct. 392, 94 L.Ed. 393 (1950); *Johnson v. Oroweat Foods Co.,* 785 F.2d 503 (4th Cir.1986). As discussed below, the Defendant's tort counterclaims would be subject to a motion to dismiss for failure to comply with the jurisdictional requirements of the Federal Tort Claims Act ("FTCA"). Moreover, the counterclaims are not claims that can be brought directly against the FDIC for recoupment.

The tort claims can be brought only against the United States, and not the FDIC. 28 U.S.C. §§ 1346(b), 2679(a); *Galvin v. OSHA,* 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employee as opposed to the United States must be dismissed for want of jurisdiction"); *Holmes v. Eddy,* 341 F.2d 477 (4th Cir.), *cert. denied,* 382 U.S. 892, 86 S.Ct. 185, 15 L.Ed.2d 149 (1965). The United States, however, is not a party to this Discharge Action. The FDIC, therefore, cannot be an "opposing party" as required by Fed.R.Civ.P. Rule 13(a). *See, e.g., Federal Deposit Ins. Corp. v. Manatt,* 723 F.Supp. 99, 104 (E.D.Ark.1989) (tort counterclaim against FDIC dismissed because action had to be brought against United States); *Federal Sav. and Loan Ins. Corp. v. Burdette,* 696 F.Supp. 1183, 1185 n. 2 (E.D.Tenn.1988) (defendants' counterclaims against FSLIC could be for recoupment only because tort claims against a federal agency must be brought against the United States pursuant to the FTCA).

Under certain limited circumstances, counterclaims against a federal agency for recoupment have been permitted without a specific waiver of sovereign immunity. *See Frederick v. United States,* 386 F.2d 481, 488 (5th Cir.1967). The decision in *Frederick* sets forth three requirements for a claim for recoupment: the claim must (1) arise from the same transaction or occurrence as the government's suit, (2) seek relief of the same kind or nature, and (3) seek an amount not in

excess of the government's claim. *Id.* at 488.

It is the opinion of this Court that the Defendant has failed to fulfill two of the requirements of a recoupment counterclaim. First, the Defendant's tort counterclaims seek a relief that is different in kind and nature from the relief sought by FDIC. By filing this Discharge Action, the FDIC seeks only declaratory relief, while the Defendant seeks to recover both actual and punitive damages. *See United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1490 (10th Cir.1984).

Second, the Defendant's claims do not arise from the same transaction or occurrence as the FDIC's claim. The FDIC's claim focuses upon specific allegations of the Defendant's breach of fiduciary duty, and other wrongdoing, which created specific debts. In contrast, the Defendant's counterclaims focus upon a transaction involving different factual allegations. In his proposed tort counterclaims, the Defendant does not attack the allegations in the FDIC's complaint regarding the debts created by his wrongdoing. Instead, the Defendant has set forth separate allegation relating to why he was unable to repay the debts pledged in a separate agreement between the parties described throughout this proceeding as the Restructure Agreement. *See Federal Sav. and Loan Ins. Corp. v. Burdette,* 696 F.Supp. 1183 (E.D.Tenn. 1988).

NOW, THEREFORE, IT IS ORDERED that the Defendant's Motion to Amend or Supplement his Answer to Include Tort Counterclaims is denied.

IT IS FURTHER ORDERED that a hearing on the Defendant's Motion to Amend or Supplement his Answer to Include Contract Counterclaims is continued to September 26, 1990 at 2:00 p.m. at the Federal Building, 334 Meeting Street, Room 333, Charleston, South Carolina.