475 F.Supp. 274 (1979)
STATE OF MISSOURI, ex rel. Minnie E. T. GORE, and Jennye Robinson, Plaintiffs,
v.
R. Dean WOCHNER, M. D. et al., Defendants.
No. 77-305-C(3).
United States District Court, E. D. Missouri, E. D.
June 29, 1979.
*275 *276 *277 Stephen Nangle, Clayton, Mo., John J. Relles, St. Louis, Mo., for plaintiffs.
John J. Fitzgibbon, Associate City Counselor, St. Louis, Mo., Joseph L. Leritz, St. Louis, Mo., for defendants.

MEMORANDUM
FILIPPINE, District Judge.
This matter is before the Court on the motion of defendants to dismiss plaintiffs' Second Amended Complaint. Defendants claim that the complaint, brought pursuant to 42 U.S.C. § 1983, fails to state a cause of action against certain of the defendants, and that the statute of limitations has run as to others. After careful consideration of the matter, it is the opinion of the Court that defendants' motion must be granted.
On June 25, 1973, plaintiffs Gore and Robinson were dismissed from their positions as Director of the Municipal School of Nursing and as a staff teaching nurse at that school by defendant R. Dean Wochner, Director of Health and Hospitals for the City of St. Louis. Plaintiffs were informed of their right to appeal Wochner's actions to the Civil Service Commission of the City of St. Louis, and on October 5, 1973, hearings were commenced on plaintiffs' appeals.
A decision upholding defendant Wochner's actions was rendered by the Commission on October 14, 1975. On October 20, 1975, defendant Charles Marino, a Civil Service Commissioner at the time the decision was rendered, accepted a position with the City of St. Louis as an assistant to R. Dean Wochner.
Plaintiffs first filed their 42 U.S.C. § 1983 action against defendants Wochner, Marino, Duffee, and the John Doe Insurance Company on March 22, 1977. A first amended complaint was filed on June 9, 1978, and named as defendants were Wochner, Marino, Reliance Insurance Company, the City of St. Louis, Mayor Conway, Comptroller Percich, and Paul Simon, president of the St. Louis Board of Aldermen. As indicated by the record before the Court, a second amended complaint was brought to this Court for leave to file on October 17, 1978, and was actually filed after said leave was granted on November 22, 1978. For purposes of this motion, the Court will consider the second amended complaint as having been filed on October 17, 1978. The second amended complaint names as defendants those persons hereinafter discussed in light of defendants' motion to dismiss.
In the case at bar, the central allegation is that defendant Wochner induced defendant Marino to uphold his firing of the plaintiffs in the appeal to the Civil Service Commission by promising Marino a position as his (Wochner's) assistant. Plaintiffs further allege in Counts II, III, IV, VI, VII, VIII and X various failures of city officials to perform their duties, all of which are alleged to have denied plaintiffs due process of law. Plaintiffs also claim that if the city officials had done their jobs, then the irregularity of the hiring of defendant Marino by defendant Wochner would have been discovered, and plaintiffs vindicated.
42 U.S.C. § 1983 authorizes a civil suit for damages for violation of rights secured by the United States Constitution and laws. Rights which derive solely from state law, however, cannot be the subject of a claim for relief under 42 U.S.C. § 1983. Sigler v. Lowrie, 404 F.2d 659 (8th Cir. 1968), cert. den. 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456; Papish v. Board of Curators of the University of Missouri, 331 F.Supp. 1321 (W.D.Mo.1971), aff'd 464 F.2d 136; rev'd on other grounds 410 U.S. 667, 93 S.Ct. 1197, 35 L.Ed.2d 618, rehg. den. 411 U.S. 960, 93 S.Ct. 1921, 36 L.Ed.2d 419; Parkway Bank & Trust Co. v. City of Darien, 43 Ill.App.3d 400, 2 Ill.Dec. 234, 357 N.E.2d 211 (1976). It is only when a violation of state law results in an infringement *278 of a federally protected right that a cause of action may be said to exist. Boyer v. State of Wisconsin, 345 F.Supp. 564 (E.D. Wis.1972).
Plaintiffs have sufficiently pleaded, for the purpose of this motion, a property interest in continued employment and a liberty interest in the safeguarding of their reputation, honor, and integrity so as to warrant the protection of due process of law, as provided by the Fourteenth Amendment, in their termination from employment. See Churchwell v. United States, 545 F.2d 59 (8th Cir. 1976); Ampleman v. Schlesinger, 534 F.2d 825 (8th Cir. 1976); Williams v. Jones, 562 S.W.2d 391 (Mo.App. 1978). The due process clause may thus be invoked to protect plaintiffs as public employees from an improper manner of discharge. Birnbaum v. Trussel, 371 F.2d 672 (2d Cir. 1966).
The protection afforded by the Fourteenth Amendment due process clause requires that, where injury to reputation is at stake, the discharged employee be granted a hearing that provides the employee with an opportunity to clear his good name. Vorbeck v. McNeal, 560 S.W.2d 245 (Mo. App.1977). See also Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Where the suspension or termination is based on allegations of misconduct, due process requires that there be notice of the charges, a hearing on the merits before an impartial person or body, a chance to be represented and confronted with witnesses, and a decision based on some substantial evidence. Buggs v. City of Minneapolis, 358 F.Supp. 1340 (D.C.Minn. 1973). See also Dennis v. S & S Consolidated Rural High School District, 577 F.2d 338 (5th Cir. 1978).
The allegations that plaintiffs make regarding the failure of defendant Scearce to conduct an investigation of the charges made against the plaintiffs prior to the commencement of the Civil Service Commission hearings; the failure of defendant Civil Service Commissioners Gould, Cummings, Essex and Marino, the Department of Personnel, the Civil Service Commission, and the City of St. Louis to require Scearce to make the investigation prior to the hearings, or to halt the hearings until he did so; the failure of defendant Comptroller Bass to make defendant Scearce file a complete audit, and to make an inquiry into why there was a change in plaintiffs' status; the claim that defendant Scearce allowed defendant Marino's name to be placed on the payroll certification list; and the failure of defendant Comptrollers Bass and Percich to verify Marino's name as being properly on the city payroll all stem from an alleged failure to follow procedures established by the Charter of the City of St. Louis and ordinances and regulations promulgated thereunder. Even assuming that these procedures were set up to afford protection to the plaintiffs as municipal employees, any so called rights derived therefrom arise by virtue of state (municipal) law.
As previously noted, rights created by state law are not properly the subject of a claim brought pursuant to 42 U.S.C. § 1983, unless the violation of those rights also infringes upon some federally protected rights. It is the opinion of the Court that the alleged violations of any rights that might arise exclusively by virtue of the procedures provided by city charter, ordinances and regulations thereunder for failure to comply with said procedures do not rise to the level of a federal Constitutional violation. Due process for employees in the position pleaded by plaintiffs, as already noted, requires only notice and a hearing before an impartial body or person; it does not require strict adherence to the City's statutory scheme as argued by plaintiffs. The Court, therefore, finds that plaintiffs are not seeking redress for any federally protected right as regards Counts II, III, IV, VI, VII and VIII, and that these counts therefore fail to state a claim pursuant to 42 U.S.C. § 1983. Accordingly, Counts II, III, IV, VI, VII and VIII will be dismissed as to all defendants therein named.
Additionally, it is the opinion of the Court that several counts of plaintiffs' second amended complaint must be dismissed as *279 being barred by the statute of limitations, or for failure to state a claim on grounds other than those just discussed.
Because 42 U.S.C. § 1983 does not contain its own period of limitation, the Court must apply the most appropriate limitations period provided by state law. Johnson v. Railway Express Agency, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The choice of which statute to apply "ultimately rests upon a determination of which statute will best effectuate the congressional policies underlying the federal claims." Green v. Ten Eyck, 572 F.2d 1233, 1239 (8th Cir. 1978).
As the Court set out earlier in this Memorandum, the underlying claim is that plaintiffs were denied a fair hearing before an impartial body by virtue of the alleged bribe between defendants Wochner and Marino. Plaintiffs also charge in various counts that this was possible because other public officials, the Civil Service Commission, the Department of Personnel, and the City of St. Louis discharged their duties in an unlawful manner, or unlawfully failed to discharge their duties. Additionally, it is charged that this failure to strictly adhere to the procedures established by city charter, ordinances and regulations was a custom and policy of the City of St. Louis.
It is the opinion of the Court that the Missouri statute of limitations which deals expressly with actions against a public officer for a "liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty . . ." is the statute that would best effectuate the congressional policies underlying plaintiffs' claim. Mo.Rev. Stat. § 516.130(1) (1969). In accordance with decisions previously rendered in this district and circuit, the Court finds that this three year statute of limitations is most directly applicable to the issues at bar. See Green v. Ten Eyck, supra; Peterson v. Fink, 515 F.2d 815 (8th Cir. 1975); and Tyler v. Ryan, 419 F.Supp. 905 (E.D.Mo. 1976). Accordingly, the three year period set forth in Mo.Rev.Stat. § 516.130(1) will be controlling.
Plaintiffs allege in Count I of their second amended complaint that defendant Wochner lodged false, malicious, and frivolous charges against the plaintiffs on June 25, 1973. Plaintiffs further claim that defendant Mayor Poelker knew of Wochner's acts and did not intercede to prevent his "constitutionally deprivacious" conduct.
Because the claim asserted in Count I of the second amended complaint arose out of the occurrence set forth in the original complaint filed on March 22, 1977, this new claim relates back to the date of filing of the original complaint as it concerns defendant Wochner. Fed.R.Civ.P. 15(c). Because the essence of Count I is a challenge to the truthfulness of the charges levied against plaintiffs, the three year statute of limitations began to run as of the date those charges were filed. Therefore, even after adopting March 22, 1977, as the appropriate tolling date, this challenge to the charges brought against plaintiffs was filed more than three years after the cause of action arose. Accordingly, plaintiffs' complaint against defendant Wochner on this claim is barred.
Plaintiffs' allegations that defendant Poelker should have interceded to halt defendant Wochner's actions are likewise barred. Count I is merely a new claim asserted by plaintiffs. Assuming that Mayor Poelker could have interceded at any time after the charges were leveled, the limitations period began to run after June 25, 1973. Accordingly, this suit having been filed on October 17, 1978, it is clear that this action against Mayor Poelker was not timely filed.
Count II of plaintiffs' second amended complaint contains allegations that defendant Scearce, the Director of Personnel, failed to investigate the charges brought against the plaintiffs prior to the Civil Service Commission hearings, as purportedly required by Civil Service Rules. Plaintiffs claim that if Scearce had investigated, he would have found the charges false. Plaintiffs would have thus been continued *280 on salary, and the burden of the appeal would have fallen on defendant Wochner. Construing the allegations in a manner most favorable to plaintiffs, this Court assumes without deciding that defendant Scearce could have conducted the investigation at any time prior to the rendering of the Civil Service Commission decision on October 14, 1975. The three year period of limitations, therefore, had run by the time this action was first filed against defendant Scearce on October 17, 1978.
The plaintiffs further allege that the failure of defendant Scearce to conduct this investigation was known by all defendants named in this complaint; that Scearce had on "numerous similar occasions" failed or refused to make obligatory investigations. Plaintiffs go on to claim that Scearce's approach to his duty was arbitrary and capricious, and that he was selective in the application of Civil Service Rules. Plaintiffs further allege that this approach to Scearce's position was considered "usage, custom and policy of the City of St. Louis by and through the Department of Personnel, its agents and employees and the Civil Service Commission, its agents and employees". For this allegation, plaintiffs seek special, actual, and punitive damages against the Department of Personnel, the Civil Service Commission, and the City of St. Louis.
It is the opinion of the Court that Count II cannot state a cause of action against the Department of Personnel because the Department is not a proper party defendant. The Department of Personnel is an integral part of the City of St. Louis government, and is merely the administrative arm whereby employment functions are performed. The Department of Personnel lacks a legal identity apart from that of the City of St. Louis, and as such is not a suable entity. See Simon v. St. Louis County Police Department, 14 FEP 1363 (E.D. Mo.1977). Count II will therefore be dismissed as to the Department of Personnel.
The allegation that the other defendants had knowledge of and tacitly agreed to Scearce's alleged failure to perform an investigation prior to the commencement of hearings by the Civil Service Commission on October 5, 1973 must also fail as to all defendants except the City of St. Louis for not being brought within the three year statute of limitations. The Civil Service Commission was first brought into this action in the second amended complaint filed on October 17, 1978, a period of greater than three years. However, the City was first named as a defendant, though subsequently dismissed out, in the first amended complaint filed June 9, 1978. The time of filing this charge against the City thus may properly relate back to that June date, so that the action was commenced within a period of three years. Accordingly, Count II must be dismissed as to the Civil Service Commission, but will not be dismissed on these grounds against the City of St. Louis.
Count III of plaintiffs' second amended complaint alleges that Civil Service Commissioners Gould and Cummings began the appeals hearing before receiving, and without requiring, defendant Scearce's investigation of the charges brought against the plaintiffs. Said hearings having begun on October 5, 1973, and this complaint having been filed on October 17, 1978, it is clear that the three year statute of limitations has run. Count III will therefore be dismissed as to defendants Gould and Cummings.
Count IV seeks damages from Civil Service Commissioners Essex and Marino for not halting the Civil Service Commission hearings for lack of Scearce's investigation. Count IV also contains allegations that Essex and Marino are liable because they knew of the negligent failure of defendants Gould and Cummings to require Scearce to make his investigation.
Assuming that this charge would state a cause of action against defendant Essex, the claim would be barred by the statute of limitations. At the latest, the statute began running on October 14, 1975, the date of the Civil Service Commission decision. Suit having been filed against defendant Essex on October 17, 1978, the action was filed after a period of greater than three *281 years, and thus is barred. The three year statute of limitations, however, has not run as to defendant Marino because of the relation-back provision of Fed.R.Civ.P. 15(c).
Count VI alleges that defendant Bass, as Comptroller of the City of St. Louis, failed to make defendant Scearce file a complete audit or to make any reasonable inquiry into why there was a change in plaintiffs' status. Plaintiffs plead that the date of Bass's alleged negligent acts are August 1, 1973 as to plaintiff Robinson, and January 1, 1974 as to plaintiff Gore. Comptroller Bass having first been named as a defendant in plaintiffs' lawsuit on October 17, 1978, this claim is barred by the three year statute of limitations.
Plaintiffs' claims in Counts VII and VIII allege that defendant Scearce allowed defendant Marino's name to be placed on the payroll certification, and that defendants Bass and Percich as Comptrollers did not verify Marino's name as being properly on the payroll. Defendant Marino is alleged by plaintiffs to have accepted his position with defendant Wochner on October 20, 1975. Accordingly, this claim was filed against defendants Scearce, Bass, and Percich within the three year limitations period, and thus is not barred on these grounds.
Count IX charges that defendant Mayors Poelker and Conway failed to require appointees to post a bond as required by § 73.470 R.S.Mo.1969. Because this section of the Missouri statutes was repealed in 1975, and Mayor Conway assumed office in 1977, a cause of action cannot be said to exist as to Mayor Conway. Nor can a cause of action be said to exist as to Mayor Poelker for failure to require a bond from any officer elected or appointed after 1975. This would include Comptroller Percich.
Furthermore, the Court believes that § 73.470 is not applicable to constitutional charter cities such as the City of St. Louis. See Leoffler v. Kansas City, Mo., 485 S.W.2d 633 (Mo.App.1972). Plaintiffs have therefore failed to state a cause of action, and Count IX will be dismissed.
In Count X, plaintiffs seek injunctive and monetary relief for their claim that all of the named defendants have refused, and continue to refuse, to "correct, rectify, or change" the administration of charter and ordinance provisions cited in the aforementioned counts, and that the refusal has been the custom and policy of the City of St. Louis. By virtue of the previously enumerated actions taken, or which should have been taken, by the several public officials, plaintiffs claim that they were denied a
legal, objective, and unbiased forum in which to adjudicate their innocence of the serious charges as leveled by Dr. Wochner, and have been directly damaged by the failure of the aforementioned office holder (sic) to fulfill their Charter and Ordinance duties and obligations of their respective offices as previously plead; all of which inure to the detriment of the plaintiffs' (sic) due to the activities complained of since June 1973 when the unsubstantiated charges were preferred by Dr. Wochner.
As previously discussed, the alleged actions and inactions of the individual defendants in failing to strictly adhere to the procedures established to deal with discharged employees do not rise to the level of a constitutional violation. Count X must therefore fail for not stating a cause of action for denial of due process of law.
Additionally, because defendants are alleged to have acquiesced in and affirmed this policy by virtue of taking those actions, or failing to act, in the manner pleaded in the preceding counts, the Court must look to when those actions occurred in light of the applicable statute of limitations. Plaintiffs have set forth no additional acts by the defendants in Count X, so that the previous discussion by the Court regarding the running of the statute of limitations is applicable to each of the defendants named in this final count. Count X must therefore be dismissed as to defendants Gould, Essex, Cummings, Poelker, the Department of Personnel and the Civil Service Commission as being time-barred.
*282 Furthermore, there being no additional acts alleged, beyond those pleaded in Counts II and IX, Count X must be dismissed as to the Department of Personnel and Mayors Conway and Poelker for failure to state a cause of action for the reasons heretofore stated.
In considering whether Count X states a cause of action as to the City of St. Louis, the Court must look to Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), wherein the Supreme Court held that a municipality is a person within the meaning of 42 U.S.C. § 1983. While the Court expressly disclaimed the doctrine of respondeat superior as a theory of liability under this section, the Court did hold that a city itself could be liable where the conduct of the city executes or implements official policy. Such policy might be found in an ordinance, regulation, policy statement or decision officially adopted by the city's officers, or it could be found in a pattern of "persistent practices" sufficiently known to and approved by city officials to constitute a custom of "equivalent though unofficial authoritativeness." Smith v. Ambrogio, 456 F.Supp. 1130 (D.Conn.1978). See also Adickes v. S. H. Kress & Co., 398 U.S. 144, 167, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
To state a cause of action against a municipality under 42 U.S.C. § 1983, there must be alleged conduct by the city that subjects a person to a denial of a constitutional right or causes him to be subjected to such a denial. Smith v. Ambrogio, supra at 1134. Because the acts of the defendants, with the exception of the allegations contained in Count V against defendants Wochner and Marino, do not rise to the level of a constitutional violation, charging the City of St. Louis with legal responsibility for such conduct fails to state a cause of action. The City of St. Louis also cannot be held legally responsible for the alleged conduct of defendant Wochner in bribing defendant Marino, because the imposition of liability here would be by a theory of respondeat superior. Monell, supra. Therefore, Count X must be dismissed as to the City of St. Louis.
For the reasons heretofore enumerated, Counts I, II, III, IV, VI, VII, VIII, IX, and X will be dismissed as to all defendants.