**Richard A. BRADSHAW, Plaintiff,**

v.

**UNIVERSITY OF MAINE SYSTEM, Defendant.**

**Civ. No. 94-0036-B.**

United States District Court, D. Maine.

Dec. 8, 1994.

Elizabeth A. Germani, Friedman & Babcock, Portland, ME, for plaintiff.

Paul W. Chaiken, Rudman & Winchell, Bangor, ME, for defendant.

**ORDER AND MEMORANDUM OF DECISION**

BRODY, District Judge.

Plaintiff Richard Bradshaw alleges that he was not hired by Defendant, the University of Maine at Farmington ("UMF"), because he is a white male. Specifically, Bradshaw argues that the failure of UMF to hire him, despite an overwhelming recommendation in his favor from the search committee, was a result of both race and sex discrimination by the Defendant. Accordingly, Bradshaw brings this action, seeking redress of these alleged wrongs. Defendant has filed numerous motions for summary judgment or for dismissal, all but one of which were resolved at a recent hearing in this Court. The remaining motion, which the Court took under advisement at the hearing, is Defendant's Motion to Dismiss Plaintiff's Claim for Compensatory and Punitive Damages for race discrimination under Title VII.

This Motion involves a novel issue not yet addressed by this Court or this Circuit: whether a plaintiff may plead and recover for a Title VII race discrimination violation pursuant to 42 U.S.C. § 1981a, if he has not—but could have—pled a race discrimination claim under 42 U.S.C. § 1981.

**I. Discussion**

Title VII prohibits discrimination in employment on the basis of both sex and race. Prior to the Civil Rights Act of 1991, violations of Title VII did not result in either compensatory or punitive damage awards, but rather were limited to "injunctive relief, reinstatement or hiring, and up to two years back pay." H.R.Rep. No. 40(I), 102nd Cong., 1st Sess. 65, *reprinted in* 1991 U.S.C.C.A.N. 549, 603. An employee who suffered race discrimination, however, was entitled to additional damages beyond those available to victims of gender discrimination. A *race* discrimination claim could be alleged pursuant to 42 U.S.C. § 1981 which, unlike Title VII, provided for compensatory and punitive damages. A *gender* discrimination claim, on the other hand, could only be pursued under the rubric of Title VII, which did "not permit awards of compensatory or punitive dam-

ages, no matter how egregious the circumstances of their case." *Id.*

The 1991 Civil Rights Act sought to remedy that inequity and strengthen "Title VII's remedial scheme to provide monetary damages for intentional gender ... discrimination ... to conform remedies ... to those currently available to victims of intentional race discrimination." *Id.* at 602. This was accomplished under 42 U.S.C. § 1981a, which created a cause of action for compensatory and punitive damages for plaintiffs suffering from intentional employment discrimination prohibited by Title VII. Generally, § 1981a provides that a plaintiff may recover compensatory and punitive damages for Title VII violations (including discrimination based on race or sex) and outlines the standards and limitations which proscribe such recovery. Section 1981a specifically states, however, that an employee may only recover under the section if he or she "*cannot* recover under Section 1981 of this title." 42 U.S.C. § 1981a(a)(1) (emphasis added).

Defendant contends that the "cannot recover" language of § 1981a bars recovery on Bradshaw's Title VII race discrimination claim because Bradshaw *could* theoretically have recovered under 42 U.S.C. § 1981 for race discrimination. Plaintiff's Amended Complaint specifically asserts a claim for race and sex discrimination under Title VII, but does not cite § 1981 as an additional basis for his race-based claim.[1] (Am.Compl. ¶ 11.) Defendant asserts, therefore, that because Bradshaw did not make out a § 1981 claim, he is also barred from pursuing compensatory and punitive damages for race discrimination under § 1981a.

Unfortunately, there has been minimal analysis regarding the "cannot recover" provision in § 1981a. A few courts, however, have recently examined that section's language and determined that "Section

1981a(a)(1)'s exclusion of those who are already entitled to recover under § 1981 is obviously meant to prevent double recovery." *Miller v. Prosoco,* No. 93–2353, 1994 WL 481759, at *11, 1994 U.S. Dist. LEXIS 12603, at *31 n. 10 (D.Kan. Aug. 3, 1994) (citing *West v. Boeing Co.,* 851 F.Supp. 395, 398 n. 4 (D.Kan.1994)). *See also Lanston v. Daniels,* No. 91–P–2063, 1992 WL 198414, at *1, 1992 U.S. Dist. LEXIS 14795, at *5 n. 4 (N.D.Ala. June 4, 1992) ("Apparently [§ 1981a(a)(1)] was intended to preclude a double recovery of damages for the same conduct under both §§ 1981 and 1981a.")

These interpretations of § 1981a are buttressed by the legislative history behind its enactment and the administrative interpretation of the statute after its passage. "[T]he purpose of the 'cannot recover' language was 'to assure that a complaining party does not obtain duplicative damages awards against a single respondent under both section 1981 and section 1981A [sic].'" E.E.O.C. Decision No. 915.002, 1992 WL 189089 at *1–2 (July 14, 1992) (quoting the Sponsor's Interpretative Memorandum, 137 Cong.Rec. S15,484 (daily ed. Oct. 30, 1991)). One co-sponsor of § 1981a, Representative Don Edwards (D–CA), opined that "if a party has a potential cause of action under Section [1981], but for whatever reason does not bring it, that party 'cannot recover under Section [1981]' ... and hence *can* recover under [Section] 1981a." 137 Cong.Rec. H9527 (daily ed. Nov. 7, 1991) (emphasis added).

The situation discussed in the legislative history is *exactly the situation before the Court in this case.* Bradshaw alleged race discrimination under Title VII. He could have pled a similar claim for race discrimination under § 1981, but did not. Had Bradshaw pursued a race-based claim for compensatory and punitive damages under both § 1981a and § 1981, he then would have been

---

1. Bradshaw argues that by generally alleging race discrimination, he has met the notice pleading requirements of Fed.R.Civ.P. 8(a) so as to plead a claim under § 1981 even though he did not specifically cite the statute. "By its language, the list of violated constitutions and statutes is clearly not meant to be exclusive, but inclusive." (Pl.'s Mem. Opp'n Mot. Dismiss race discrimination claim at 3–4.) In the alternative,

Bradshaw argues that if the Court finds that he failed to plead a claim for race discrimination under § 1981, then he "cannot recover" under that section and should be allowed to go forward with his claim under § 1981a. (*Id.*) While his first argument is not without some merit, the Court finds Bradshaw's second argument more persuasive.

seeking double recovery for alleged race discrimination, a result Congress desired to prevent when drafting § 1981a. What Congress most certainly did not intend, however, was to prevent recovery altogether for race discrimination in the employment setting. Yet that is the interpretation urged upon the Court by Defendant's overly literal reading of § 1981a. Simply because Bradshaw could have pled a claim for relief under § 1981, and did not, is no reason to bar his claim for damages from going forth under § 1981a.

Accordingly the Court will treat Bradshaw's claims of sex and race discrimination as arising solely under § 1981a. Therefore, Defendants' Motion to Dismiss Bradshaw's claim for compensatory and punitive damages for race discrimination is *DENIED*.

*SO ORDERED.*