926 F.Supp. 874 (1996)
Allison JOHNSON, Plaintiff,
v.
METROPOLITAN SEWER DISTRICT, Defendant.
No. 4:95-CV-2287 CAS.
United States District Court, E.D. Missouri, Eastern Division.
May 22, 1996.
*875 Doris Gregory Black, St. Louis, MO, for Plaintiff.
Joseph H. Mueller, Moser and Marsalek, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on defendant's motion to strike. Plaintiff alleges in her Second Amended Complaint that defendant discriminated against her in employment, in violation of (i) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") on the basis of race, sex and retaliation discrimination (Counts I, III and V); (ii) the Civil Rights Act of 1871, 42 U.S.C. § 1981 (Count II); and (iii) the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA") (Count IV). Defendant moves to strike plaintiff's prayer for punitive damages in each count, and to strike plaintiff's prayer for compensatory damages in the amount of $500,000.00 in Count V. Plaintiff has filed no opposition to the motion.
Standard of Review. Under Federal Rule of Civil Procedure 12(f), a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are not favored. Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977); Federal Deposit Ins. Corp. v. Coble, 720 F.Supp. 748, 750 (E.D.Mo.1989). Nonetheless, resolution of such a motion lies within the sound discretion of the Court. Coble, 720 F.Supp. at 750. Generally, well-pleaded facts are accepted as true for a motion to strike, and matters outside the pleadings will not be considered in support of the motion. 2A J. Moore, Moore's Federal Practice ¶ 12.21[3] (2d ed. 1995). A prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike. 2A Moore's Federal Practice ¶ 12.21[1]; see, e.g., Chambers v. Weinberger, 591 F.Supp. 1554, 1557-58 (N.D.Ga.1984); Jackson v. Marsh, 551 F.Supp. 1091, 1094 (D.Colo.1982).

Discussion.
A. Punitive Damages. Defendant moves to strike the prayer for punitive damages in each count on the basis that defendant is a political subdivision and is immune *876 from the imposition of punitive damages under the terms of 42 U.S.C. § 1981a(b)(1).[1] The Court agrees with defendant to the extent its argument concerns plaintiffs' claims under Title VII and the ADA in Counts I, III, IV and V. It is evident that a political subdivision such as defendant is exempted from the imposition of punitive damages under these statutory provisions. See 42 U.S.C. § 1981a(b)(1); Lee v. Junior College Dist., 1995 WL 363428 at *1 (E.D.Mo.1994); Price v. West, No. 4:94-CV-275 CDP, slip op. at 8, 1995 WL 867883 (E.D.Mo. Feb. 24, 1995).
The Court disagrees with defendant's contention concerning plaintiff's claim under Section 1981. The statute specifically provides that it shall not be construed to limit the scope of, or the relief available under, 42 U.S.C. § 1981. See 42 U.S.C. § 1981a(b)(4); West v. Boeing Co., 851 F.Supp. 395, 399 n. 5 (D.Kan.1994). Accordingly, the Court will grant defendant's motion to strike plaintiff's prayer for punitive damages in Counts I, III, IV and V, and deny the motion with regard to Count II.[2]
B. Actual Damages. Defendant also moves to strike plaintiff's prayer for actual damages in the amount of $500,000.00 in Count V, on the basis that actual damages are capped in the amount of $300,000.00 against an organization with more than 500 employees pursuant to 42 U.S.C. § 1981a(b)(3)(D).[3] This section provides:
The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party  (D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.
Plaintiff seeks damages in an amount in excess of the statutory cap. An important consideration, however, weighs against granting defendant's motion to strike the prayer for compensatory damages in Count V. Section 1981a(c)(2) provides, "If a complaining party seeks compensatory or punitive damages under this section  the court shall not inform the jury of the [damage cap] limitations...." The Court concludes that by striking plaintiff's damage claim and requiring her to request compensatory damages in an amount not to exceed $300,000.00, it would in effect inform the jury of the damage cap, in violation of § 1981a(c)(2). See Haltek v. Village of Park Forest, 864 F.Supp. 802, 807 (N.D.Ill.1994). Other courts facing this situation have determined that the proper procedure is for a court to deny a motion to strike and, in the event plaintiff obtains a jury verdict in excess of the statutory damage cap, reduce the jury verdict in accordance with the cap. See Solomon v. Godwin and Carlton, P.C., 898 F.Supp. 415, 416-17 (N.D.Tex.1995); Haltek, 864 F.Supp. at 807. The Court concurs that this procedure is appropriate, and therefore will deny this aspect of defendant's motion to strike.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to strike is GRANTED in part and DENIED in part; said motion is GRANTED as to plaintiff's prayers for punitive damages in Counts I, III, IV and V; and DENIED in all other respects. [Doc. 7]
*877 IT IS FURTHER ORDERED that plaintiff's prayers for punitive damages in Counts I, III, IV and V are stricken.
NOTES
[1] Defendant's motion refers to 42 U.S.C. § 1981(a)(b)(1), which does not exist.
[2] The Court notes Section 1981a(a)(1) provides that a party may recover under that section only if he or she "cannot recover under" 42 U.S.C. § 1981. 42 U.S.C. § 1981a(a)(1). See Earvin v. Warner-Jenkinson Co., 1995 WL 137437 at *2 (E.D.Mo. Mar. 10, 1995); cf. Bradshaw v. University of Maine System, 870 F.Supp. 406, 407 (D.Me.1994). This restriction is intended to prevent a double recovery by persons already entitled to recover under § 1981. See Bradshaw, 870 F.Supp. at 407, and cases cited therein. This issue, however, is not presently before the Court.
[3] Defendant's motion refers to 42 U.S.C. § 1981(a)(b)(3), which does not exist. The Court also notes that defendant does not move to strike plaintiff's prayer for actual damages in the amount of $500,000.00 in Counts I, III and IV.