**Leland SPINKS, Plaintiff,**

v.

**CITY OF ST. LOUIS WATER DIVISION, et al., Defendants.**

No. 4:95–CV–2091 CAS.

United States District Court, E.D. Missouri.

Dec. 23, 1997.

Michelle M. Retzer, Gallop and Johnson, St. Louis, MO, for plaintiff.

Leland Spinks, St. Louis, MO, pro se.

Maribeth McMahon, Jacqueline D. Harris, St. Louis City Counselor Office, St. Louis, MO, for defendant.

### MEMORANDUM AND ORDER

SHAW, District Judge.

This matter is before the Court on defendant City of St. Louis Water Division's ("Water Division") motion to dismiss and defendant City of St. Louis' ("City") motion to strike. Plaintiff opposes the motions. For the reasons which follow, the Court will grant the motion to dismiss and permit plaintiff to file a third amended complaint, and will grant in part and deny in part the motion to strike.

*Discussion.*

**1. *Motion to Dismiss.***

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The complaint must be liberally construed in a light most favorable to the plaintiff. *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994); *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997). Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Coleman,* 40 F.3d at 258; *Kohl v. Casson,* 5 F.3d 1141, 1148 (8th Cir.1993).

■ Defendant Water Division moves to dismiss plaintiff's complaint on the basis that it is not a suable entity, but rather is an integral part of the City, citing *State of Missouri ex rel. Gore v. Wochner,* 475 F.Supp. 274, 280 (E.D.Mo.1979), *aff'd,* 620 F.2d 183 (8th Cir.), *cert. denied,* 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980) (*"Gore"*). Plaintiff responds that he has sued the City, but not the Water Division, and therefore the motion is without merit.

The Court must disagree with plaintiff. The caption of plaintiff's Second Amended Petition ("Complaint") lists the following defendants: "City of St. Louis Water Division, Frank Herron and Stan Fletcher". [Doc. 33] The City is not listed as a defendant in the case caption. FEDERAL RULE OF CIVIL PROCEDURE 10(a) requires that "the title of the action shall include the names of all the parties." Thus, plaintiff has failed to properly name the City as a defendant in his Complaint, but has named the Water Division. In addition, the body of the Complaint contains separate allegations against both the City and the Water Division. *See* Complaint, ¶¶ 2, 3. Therefore, whether intentionally or not, plaintiff has sued the Water Division.

The Water Division is merely an arm of the City and lacks a separate legal identity apart from the City. As such, the Water Division is not a suable entity. *See Gore,* 475 F.Supp. at 280; *Jordan v. Kansas City, Mo.,* 929 S.W.2d 882, 887 (Mo.App.W.D.1996). Accordingly, the Water Division's motion to dismiss should be granted.

■ Although the City was not properly named as a defendant, the record reflects that it was served with process and has filed an answer. The City does not appear to contest its status as a defendant in this matter. When there is a formal defect in a complaint, a plaintiff may be allowed to amend to remedy the defect. *See, e.g., Bernstein Seawell & Kove v. Bosarge,* 813 F.2d 726, 730–31 (5th Cir.1987). The Court will grant plaintiff twenty (20) days from the date of this order in which to file a third amended complaint, naming the City of St. Louis as a defendant.[1]

---

1. If appropriate, following the filing of any third amended complaint, the City may file a memorandum for clerk indicating that the answer it filed to the Second Amended Complaint shall serve as its answer to the third amended complaint.

### 2. *Motion to Strike.*

The City has moved to strike plaintiff's prayer for punitive damages against it in each count of the Complaint, on the basis that punitive damages are not properly awarded against a municipality. Plaintiff opposes the motion.

■ While motions to strike are not favored, *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir.1977), a prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike. 2A Moore's Federal Practice ¶ 12.21[1] (2d ed.1996); *see, e.g., Chambers v. Weinberger,* 591 F.Supp. 1554, 1557–58 (N.D.Ga.1984); *Jackson v. Marsh,* 551 F.Supp. 1091, 1094 (D.Colo.1982).

■ It is clear that punitive damages are not available against a municipality under Title VII. *See* 42 U.S.C. § 1981a(b)(1); *Johnson v. Metropolitan Sewer Dist.,* 926 F.Supp. 874, 876 (E.D.Mo.1996); *Lee v. Junior College Dist.,* 1995 WL 363428 at \*1 (E.D.Mo. 1994); *Bowers v. City of Cool Valley Police Dept.,* No. 4:97–CV–1119 DJS, slip op. at 6 (E.D.Mo. Aug. 20, 1997). The prayer for punitive damages against the City in Counts I and II will therefore be stricken.[2]

■ This district has ruled that punitive damages are not available against a municipality under the Missouri Human Rights Act. *See, e .g., Bowers,* No. 4:97–CV–1119 DJS, slip op. at 6; *Swanger v. City of St. Louis,* No. 4:95–CV–0074 MLM, slip op. at 2–3 (E.D.Mo. Oct. 13, 1995).[3] Missouri courts have reached the same conclusion. *See Green v. City of St. Louis,* 1993 WL 88146 (Mo.App. E.D.1993), *rev'd on other grounds,* 870 S.W.2d 794 (Mo.banc 1994). These cases apply the principle of *Chappell v. City of Springfield,* 423 S.W.2d 810, 813 (Mo.1968), that in the absence of specific statutory authority, punitive damages are not recoverable in Missouri against a municipality. The

prayer for punitive damages against the City in Count III will therefore be stricken.

■ The City has moved to strike plaintiff's prayer for punitive damages in Count IV under 42 U.S.C. § 1985, but fails to provide any citation to authority holding that punitive damages may not be awarded against a municipality under that statute. The Court will not conduct independent research on this issue, and therefore the motion to strike will be denied without prejudice as to Count IV.

■ The City next moves to strike plaintiff's prayer for punitive damages under 42 U.S.C. § 1981 in Count V. Plaintiff cites *Johnson,* 926 F.Supp. 874, for the proposition that punitive damages may be awarded against a municipality under § 1981. While the Eighth Circuit has not addressed this issue, the general rule is that punitive damages are not recoverable against municipalities under the civil rights laws generally, and under § 1981 in particular. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981) (*"Newport"*) (discussing 42 U.S.C. § 1983); *Walters v. City of Atlanta,* 803 F.2d 1135, 1148 (11th Cir.1986) (applying *Newport* rationale to claim under § 1981); *Poolaw v. City of Anadarko, Okl.,* 738 F.2d 364 (10th Cir. 1984) (same), *cert. denied,* 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 779 (1985); *Heritage Homes of Attleboro, Inc. v. Seekonk Water Dist.,* 670 F.2d 1, 3 (1st Cir.), *cert. denied,* 457 U.S. 1120, 102 S.Ct. 2934, 73 L.Ed.2d 1333 (1982) (same); *Perry v. City of Country Club Hills,* 607 F.Supp. 771, 776 (E.D.Mo. 1983) ("Punitive damages under § 1981 may not be assessed against a municipality since to do so would impose a huge financial burden on the municipality"); *Ford v. City of Cape Girardeau,* No. 1:96–CV–0031 CDP, slip op. at 4–5 (E.D.Mo. Nov. 25, 1996) (striking prayer for punitive damages against a municipality, and stating that even if amend-

---

2. In his response to the motion to strike, plaintiff contends that he may assert claims for punitive damages against individual defendants under Title VII. That issue is not presently before the Court.

3. Plaintiff has objected that he does not have access to certain slip opinions cited by defendant City. While the better practice is for a party to attach a copy of any unpublished slip opinion referred to in a pleading, plaintiff is free to request any Court file maintained in the Clerk's Office and review the opinions therein.

ed § 1981(c) permits an independent cause of action against a state actor, rules of municipal liability set forth in *Newport* continue to apply).[4]

The *Johnson* decision cited by plaintiff did not discuss the general rule prohibiting the imposition of punitive damages against a municipality under the civil rights laws. For this reason, in light of the authority cited above, the Court concludes this aspect of *Johnson* was wrongly decided, and declines to follow it. Plaintiff's prayer for punitive damages against the City in Count V will be stricken.

■ Finally, it is well established that municipalities are not liable for punitive damages in actions under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981). Plaintiff's prayer for punitive damages against the City in Count VI will therefore be stricken.

*Conclusion.*

For the foregoing reasons, the Court will grant defendant Water Division's motion to dismiss, and grant plaintiff twenty (20) days from the date of this order in which to file a third amended complaint in accordance with this memorandum and order. Defendant City of St. Louis' motion to strike plaintiff's prayer for punitive damages will be granted in part and denied in part. Plaintiff's amended complaint, if any, shall conform to the rulings of the Court with respect to its prayer for damages.

Accordingly,

**IT IS HEREBY ORDERED** that defendant City of St. Louis Water Division's motion to dismiss is **GRANTED.** [Doc. 34]

**IT IS FURTHER ORDERED** that plaintiff shall have until **January 12, 1998** to file a third amended complaint, which shall (i) name the City of St. Louis as a defendant; and (ii) conform to the Court's rulings on the City's motion to strike.

**IT IS FURTHER ORDERED** that the motion to strike of defendant City of St. Louis is **GRANTED in part** and **DENIED in part** without prejudice; said motion is **GRANTED** as to plaintiff's prayer for punitive damages against the City of St. Louis in Counts I, II, III, V and VI, and **DENIED** without prejudice as to Count IV. [Doc. 35]

An appropriate order of partial dismissal will accompany this memorandum and order.

### *ORDER OF PARTIAL DISMISSAL*

In accordance with the memorandum and order of this date and incorporated herein,

**IT IS HEREBY ORDERED** that plaintiff's claims against defendant City of St. Louis Water Division are **DISMISSED.**

---

4. In *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735–36, 109 S.Ct. 2702, 2722–23, 105 L.Ed.2d 598 (1989) the Supreme Court held that (i) 42 U.S.C. § 1983 provides the exclusive federal damages remedy for violations of the rights guaranteed by § 1981, when the claim is against a state actor; and (ii) a plaintiff who sues a municipality under § 1981 may not rely upon the doctrine of respondeat superior, but must satisfy 42 U.S.C. § 1983's "policy or custom" requirement. Section 101 of the Civil Rights Act of 1991 subsequently amended 42 U.S.C. § 1981. Courts have sharply divided as to whether the 1991 amendment overrules one or both of the *Jett* holdings. *See* cases and commentary collected in *Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1208–10 (9th Cir.1996); *compare id.* at 1212–14 (holding that 1991 amendment to § 1981 overrules the first *Jett* holding and creates an implied cause of action against state actors, but does not impose respondeat superior liability); *with Dennis v. County of Fairfax*, 55 F.3d 151, 156 n. 1 (4th Cir.1995) (holding that amended § 1981 does not overrule either holding of *Jett*, and merely codifies the holding of another Supreme Court decision, *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), that § 1981 protects against discrimination by private actors as well as state actors.) The issues raised by the 1991 amendments to § 1981 are not before the Court at this time, however.