600 F.Supp.2d 1054 (2009)
SECURITIES AND EXCHANGE COMMISSION, Plaintiffs,
v.
Michael F. SHANAHAN, Sr., et al., Defendants.
Case No. 4:07CV270 JCH.
United States District Court, E.D. Missouri, Eastern Division.
March 3, 2009.
*1055 Robert M. Moye, Jeffrey A. Shank, Securities and Exchange Commission, Chicago, IL, for Plaintiffs.
Eugene I. Goldman, McDermott and Will, Washington, DC, Jeffrey E. Stone, Joshua T. Buchman, Matthew F. Madden, McDermott and Will, Chicago, IL, Edward L. Dowd, Jr., Erika M. Anderson, James F. Bennett, Dowd Bennett, LLP, Clayton, MO, Barry A. Short, Evan Z. Reid, Steven D. Hall, Lewis and Rice, St. Louis, MO, James G. Martin, Armstrong Teasdale, LLP, Benedict Y. Hur, John W. Keker, Michael D. Celio, Stuart L. Gasner, Keker and Van Nest, LLP, San Francisco, CA, for Defendants.

ORDER
JEAN C. HAMILTON, District Judge.
This matter is before the Court on Plaintiff's Motion to Strike Certain of Michael F. Shanahan, Sr.'s Affirmative Defenses, filed January 29, 2009. (Doc. No. 61). The matter is fully briefed and ready for disposition.
By way of background, Plaintiff Securities and Exchange Commission ("Plaintiff or the "Commission") filed its Complaint in this matter on July 12, 2007. (See Cause No. 4:07CV1262 JCH, Doc. No. 1). In its Complaint, the Commission alleged as follows:
From 1997 through 2003, Michael F. Shanahan, Sr. ("Shanahan")..... directed a fraudulent scheme intended to grant unauthorized and undisclosed compensation to [himself] and certain other officers, directors, and employees of Engineered Support Systems, Inc. ("Engineered Support" or "the Company"). In connection with that scheme, [Shanahan] breached [his] fiduciary duties to the Company, violated the Company's shareholder-approved stock option plans, used shareholder equity as a means to enrich [himself] and certain other company officers and directors, and repeatedly made false statements to shareholders and the public about [his] actions in filings with the Commission.[1]
(Id., ¶ 1). As relevant here, the Commission requested the following in its prayer for relief:
III. Issue an order directing [Shanahan] to disgorge all ill-gotten gains, compensation and benefits *1056 (whether realized, unrealized or received) obtained through the conduct described herein, plus prejudgment interest thereon.
Issue an order directing [Shanahan] to pay civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d) ] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].
(Id., P. 23).
On July 21, 2008, Defendant Michael F. Shanahan, Sr. ("Shanahan") pleaded guilty in a parallel criminal action. (See Cause No. 4:07CR175 JCH, Doc. No. 250). In his Plea Agreement, Shanahan admitted that, "[b]etween approximately 1996 and July 2002, Engineered Support Systems issued backdated stock options that were `in the money' when issued, despite its public representations that the options were issued `at the money.'" (Id., P. 10). Shanahan agreed to make restitution payments in the criminal case in the amount of $7,871,662.50, "because that is the amount the government could prove he received as total `in the money' gains from backdating regardless of whether his involvement in any particular backdate was readily provable." (Id., PP. 11-12). Shanahan acknowledged the reach of his Plea Agreement, as follows:
The parties to the agreements, recommendations and stipulations contained herein are the defendant MICHAEL SHANAHAN, SR., defense counsel BARRY A. SHORT, and the Office of the United States Attorney for the Eastern District of Missouri (hereinafter "the government"). This document and the agreements, recommendations and stipulations contained herein do not, and are not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. ...
The defendant has discussed with defense counsel and understands that nothing contained in this document is meant to limit the rights and authority of the United States of America to take any civil, tax or administrative action against the defendant including, but not limited to, asset forfeiture, deportation and any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with government agencies. Further, any recommendation in this document as to the amount of loss or restitution is not binding upon the parties in any civil or administrative action by the government against the defendant.

(Id., PP. 1, 4-5 (emphasis added)).
Shanahan filed his Answer in this case on January 9, 2009. (See Cause No. 4:07CV270 JCH, Doc. No. 58). As part of his Answer, Shanahan included eleven affirmative defenses to the Commission's claims. (Id., PP. 12-14). In the instant motion, the Commission requests that this Court strike Shanahan's affirmative defenses Nos. 4 through 8, which state as follows:
4. As further answer and as affirmative defense, Mr. Shanahan states that Plaintiffs prayer for relief III is barred by the doctrine of accord and satisfaction, in that Mr. Shanahan has entered into an agreement with the United States government and under that agreement agreed that the total amount of "in the money" gains that he received from ESSI stock options was $7,871.662.50. Mr. Shanahan agreed to disgorge that sum and has done so. Plaintiff, as a coordinate branch of the United States government, has received full satisfaction for Mr. Shanahan's supposed gains from allegedly backdated stock option grants at ESSI.

*1057 5. As further answer and as affirmative defense, Mr. Shanahan states that Plaintiff is barred by the doctrine of estoppel from claiming that he received more than $7,871,662.50 in "in the money" gains from allegedly backdated stock options at ESSI. As a coordinate branch of the United States government, Plaintiff was on notice that the Department of Justice was entering into an agreement with Mr. Shanahan with respect to the amount of his purported gains from "in the money" ESSI stock options. Plaintiff made no objection to the agreement prior to its acceptance by the Court, and cannot be heard to object now to Mr. Shanahan's detriment.
6. As further answer and as affirmative defense, Mr. Shanahan states that Plaintiffs claim for disgorgement in prayer for relief III is barred because the issue of the amount Mr. Shanahan was required to disgorge is res judicata, having been the subject of a prior agreement, approved by this Court, between Mr. Shanahan and a coordinate branch of the United States government. Mr. Shanahan has disgorged the amount provided for in the agreement and the matter cannot now be relitigated.
7. As further answer and as affirmative defense, Mr. Shanahan states that the disgorgement sought by Plaintiff in prayer for relief III is barred by release given the acceptance of his disgorgement by a coordinate branch of the United States government.
8. As further answer and as affirmative defense, Mr. Shanahan states that the civil money penalties sought by Plaintiff in prayer for relief IV are barred by the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States.
(Id., PP. 13-14).
As stated above, the Commission filed the instant motion on January 29, 2009, requesting that the Court strike affirmative defenses 4 through 8 pursuant to Federal Rule of Civil Procedure 12(f). (Doc. No. 61).

DISCUSSION
Under Federal Rule of Civil Procedure 12(f), this Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Under Eighth Circuit law "striking a party's pleadings is an extreme measure, and, as a result, we have previously held that motions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir.2000) (internal quotations and citations omitted). "Nonetheless, resolution of such a motion lies within the broad discretion of the Court." Haynes v. BIS Frucon Engineering, Inc., 2008 WL 4561462 at *1 (E.D.Mo. Oct. 10, 2008) (citation omitted).

I. Affirmative Defenses Four Through Seven

In related affirmative defenses four through seven, Shanahan asserts the Commission's prayer for relief III is barred by the doctrines of accord and satisfaction, estoppel, res judicata, and release. (Cause No. 4:07CV270 JCH, Doc. No. 58, PP. 13-14). Specifically, Shanahan maintains that because he entered into an agreement with the United States Government stating the amount of "in the money" gains he received was $7,871,662.50, the Commission, as a coordinate branch of the United States Government, has received full satisfaction *1058 and cannot now attempt to recover more. (Id.).
Upon consideration, the Court finds Shanahan's affirmative defenses four through seven are contradicted by the terms of the Plea Agreement.[2] As noted above, the Plea Agreement specifically limited its application to Shanahan, his attorney, and the Office of the United States Attorney for the Eastern District of Missouri. (Cause No. 4:07CR175 JCH, Doc. No. 250, P. 1). The Agreement further stated its terms, including the recommendation as to the amount of loss or restitution, were not binding upon "any governmental office or agency other than the United States Attorney for the Eastern District of Missouri." (Id., PP. 1, 5). The Commission thus is not bound by the terms of the Plea Agreement, and so its Motion to Strike Affirmative Defenses Four Through Seven must be granted.

II. Affirmative Defense Eight

In affirmative defense eight Shanahan asserts the civil money penalties sought by the Commission in prayer for relief IV are barred by the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States. (Cause No. 4:07CV270 JCH, Doc. No. 58, P. 14). The Eighth Circuit has held that SEC disgorgement remedies are not criminal punishments, however, and thus do not implicate the Double Jeopardy Clause. United States v. Perry, 152 F.3d 900, 903-904 (8th Cir.1998), cert. denied, 525 U.S. 1168, 119 S.Ct. 1088, 143 L.Ed.2d 89 (1999). The Commission's Motion to Strike Shanahan's Affirmative Defense Eight must therefore be granted.

CONCLUSION
Accordingly,
IT IS HEREBY ORDERED that Plaintiffs Motion to Strike Certain of Michael F. Shanahan, Sr.'s Affirmative Defenses (Doc. No. 61) is GRANTED, and affirmative defenses four through eight are STRICKEN from Shanahan's Answer.
NOTES
[1] The Commission alleged Shanahan personally received $8,916,562.00 in unauthorized compensation. (Id., ¶ 23).
[2] In his response to the Commission's motion, Shanahan correctly notes that matters outside the pleadings generally are not considered in support of a motion to strike. See Response of Defendant Michael F. Shanahan, Sr. in Opposition to Plaintiff's Motion to Strike, P. 3. See also Johnson v. Metropolitan Sewer Dist., 926 F.Supp. 874, 875 (E.D.Mo.1996). Courts may take judicial notice of public records, however. General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir.1997) (citations omitted). "Pursuant to Rule 201 of the Federal Rules of Evidence, a federal court may take judicial notice of an adjudicative fact that is both `not subject to reasonable dispute' and either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Wright v. Brooke Group Ltd., 114 F.Supp.2d 797, 816 (N.D. Iowa 2000) (citations omitted). Further, "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." General Elec., 128 F.3d at 1081 (internal quotations and citation omitted). This Court thus finds it may take judicial notice of the terms of the Plea Agreement in Shanahan's related criminal case. Id., citing with approval Scholes v. Lehmann, 56 F.3d 750, 762 (7th Cir.1995) (allowing judicial notice of facts recited in a plea agreement).